opinion of the court
David B. Saxe, J.
The issue raised in this CPLR article 78 proceeding is whether the time of receipt or the time of mailing is the pertinent date for the purposes of determining whether a taxpayer, objecting to a determination by the New York City Department of Finance, has made a timely request for a formal hearing? Stated differently, may the city agency claim as a matter of law that, on the one hand, it may obtain the benefit of a mailing date for the purposes of service of its notice, yet, on the other hand, contend that the petitioners cannot assert the same benefit for the purposes of applying for a hearing?
The petitioners have instituted an article 78 proceeding for an order (a) expunging a warrant filed against them for a deficiency in their New York City (City) commercial rent or occupancy taxes in the amount of $235,528.89, and (b) directing the matter be set down for a hearing before the Department of Finance. The City seeks a dismissal of the petition on the ground that the petitioner did not file a timely application for redetermination of the claimed deficiency.
On February 25, 1983, the Department of Finance sent to petitioner a notice of determination. The petition for a hearing was received by the Department of Finance on *603 March 29, 1983 — one day past the 30-day time period set by statute.
The pertinent statute, section L46-8.C of the Administrative Code of the City of New York, provides, in part, that “Such determination shall finally and irrevocably fix the tax unless the person against whom it is assessed, within thirty days after the giving of notice of such determination shall apply in writing * * * for a hearing”. The City’s position is that an application for review of such determination must be received by the City’s Department of Finance within 30 days of its mailing by the City. On the other hand, however, the City contends that they are entitled to claim the benefit of the mailing date to commence the running of the 30-day time period. This privilege is presumably not extended to the taxpayer.
I think the taxpayer’s position should prevail. Subdivision (a) of section L46-17.0 of the Administrative Code is identical to section 1147 (subd [a], par [1]) of the Tax Law. Section 1147 (subd [a], par [2]) of the Tax Law, however, provides specifically that the date of mailing by a taxpayer to the Tax Commission “shall be deemed to be the date of delivery.” That provision is not contained in the comparable Administrative Code section. Although the section in question requires that a taxpayer “apply in writing”, it is silent on the ultimate question concerning what method will be determinative of a timely application.
In determining this issue, a court, faced as here, with no available legislative history must delve into the purpose of the statute in order to arrive at the legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94).
That being said, I conclude that one of the legislative purposes in utilizing the phrase “apply in writing” (Administrative Code, § L46-8.0) was to prevent applications by telephone. This interpretation is buttressed by the failure of the enacting body to require an actual filing, in contradistinction to the requirements for actual deposit of the petition within the time period mandated by section 374 of the New York State Tax Law.
I hold that since the statute specifies an application in writing rather than an actual filing, that the requirements are met at the time of mailing.
*604 Additionally, equitable considerations support the conclusion that timely mailing is equivalent to timely applying. Most taxpayers submit their returns by mailing them. If a taxpayer is to now understand that timely filing is measured by the date of physical receipt by a clerk, such requirement is contrary to all experience and would produce an unreasonable and objectionable result. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 141, 143.)
So, I hold that a petition for redetermination that is, as was the case here, mailed within the applicable 30-day period is one that is timely mailed. And, timely mailing is, I hold, timely applying under the statute in question.
The petition is granted in all respects.