■ In the Matter of ROBERT R. CLARK, Petitioner, v ROBERT BOUCHARD et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained notices of deficiency against petitioner for personal income tax due for the years 1972, 1973 and 1974. ¶ The issue presented in this case is whether the determination of the Tax Commission, that petitioner had underreported his income for 1972, 1973 and 1974 and was liable for personal income tax on the unreported funds for those years, is supported by substantial evidence. We conclude that it was. The determination should, therefore, be confirmed and the petition dismissed. ¶ Petitioner, an insurance broker, had suffered a heart attack in 1965 and was thereafter diagnosed as completely disabled. During the years at issue, petitioner had a corporation which sold insurance and prepared tax returns. He stated that he collected Social Security disability and veterans administration benefits in those years, but did not produce documentation of the exact amounts received. As a result of a source and application of funds audit by the Department of Taxation and Finance, two notices of tax deficiency were sent to petitioner informing him that he was liable for additional personal income tax for 1972, 1973 and 1974, including interest and penalties, in the total amount of $654.91. Petitioner sought a redetermination of the assessments and was afforded a hearing. Based upon evidence produced at the hearing, the Tax Commission issued a decision denying the request for redetermination. It found that petitioner used money from the insurance business for his personal use and ruled that he had not produced evidence to show that the notices of deficiency were incorrect. The Tax Commission further found that the method used to compute petitioner's tax liability resulted in the lowest possible tax against petitioner. This proceeding to review the Tax Commission's determination ensued. ¶ Judicial review of tax assessment determinations is limited. "The burden of proof to overcome tax assessments rests upon the taxpayer [citations omitted]. If there are any facts * * * to sustain it, the court must confirm the Tax Commission's determination. Thus, a determination of the Tax Commission will not be disturbed by the courts unless shown to be erroneous, arbitrary or capricious" (*Matter of Grace v New York State Tax Comm.*, 37 NY2d 193, 195-196; accord *Matter of Allied N. Y. Servs. v Tully*, 83 AD2d 727, 728). ¶ The record discloses that the audit conducted in this case was performed in a proper manner. Petitioner's challenges to the audit's accuracy are not substantiated in the record. Petitioner was requested to furnish proof of the specific sums he received in alleged Social Security disability and veterans administration benefits, but failed to do so. Further, there was testimony that no cash living expenses were charged against petitioner and that, if credited, the benefits received would not have offset the cash living expenses. ¶ Petitioner contends that the auditor acted arbitrarily and capriciously in disregarding alleged gifts of $5,000 and $1,000 received from petitioner's father and mother during the period in question while at the same time considering the receipt of $1,836 in the form of unemployment

insurance benefits received by petitioner's wife. Petitioner, however, offered no acceptable proof that he received gifts in any amount from his parents and there was documentary evidence of the unemployment payments to his wife. ¶ The evidence supports the conclusions reached by the Tax Commission; petitioner has failed to present sufficient evidence to overcome the tax assessments issued by the Tax Commission. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.