may not object to the items requested unless it is shown that they are palpably improper *(Ritschl v Village of Highland Falls,* 92 AD2d 586, 587; *Hoven v Hoven,* 91 AD2d 805, 806; *Helfant v Rappoport,* 14 AD2d 764, 765). A bill of particulars is palpably improper when the items demanded are "not only not strictly allowable but also so burdensome to supply that compliance will involve a task that is unreasonable to exact" *(Helfant v Rappoport, supra,* p 765). Plaintiff's demand consisted generally of requests for items which are appropriate for a bill of particulars. It was not objectionable to require defendant to specify dates, times and places relative to the allegations in his counterclaim *(see,* CPLR 3016 [c]). Furthermore, plaintiff's request for information regarding the merits of the matrimonial action, while more appropriately the subject of the disclosure devices of CPLR article 31, was not so burdensome to comply with as to render it palpably improper. Although the rule in other Departments may be that disclosure on the merits in matrimonial actions is prohibited absent some showing of extraordinary circumstances *(see, Ginsberg v Ginsberg,* 104 AD2d 482, 483 [2d Dept]; *McMahan v McMahan,* 100 AD2d 826-827 [1st Dept]), we are of the view that any such restrictions are better left to individual protective orders to prevent abuse, rather than embodied in a blanket prohibition *(see, Maxwell v Maxwell,* 88 Misc 2d 535 [Gibson, J.]; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1986 Pocket Part, CPLR C3101:15, pp 22, 24, 27, 31, 33; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101:19). Thus, defendant's cross motion to strike the demand for a bill of particulars was properly denied and a conditional order of preclusion appropriately granted.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

■ In the Matter of ADIRONDACK STEEL CASTING COMPANY, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

After conducting an audit, the Department of Taxation and Finance determined that petitioner was liable for sales and use taxes for the period June 1, 1978 through February 28, 1981. Conferences were held between petitioner's accountants and the Department regarding the amount of the tax due, and

on April 14, 1982 the Department sent a statement of proposed audit adjustment (hereinafter proposed statement) to petitioner setting the total amount of tax and interest due at $10,086.94. Schedules appended to the proposed statement documented the specific amount assessed for each reporting period. Petitioner promptly consented to the proposed statement, remitting a check to the Department in the full amount requested. Thereafter, on June 15, 1982, a notice of determination and demand for payment was sent to petitioner, assessing an additional $5,291.54 in taxes and interest for the time period covered by the proposed statement. Petitioner objected to the assessment and claimed that, pursuant to Tax Law § 171 (18) and § 1138 (c), its execution of the proposed statement and remittance of $10,086.94 constituted a consent which finally and irrevocably determined the full amount of tax due. Respondent sustained the notice of determination and demand, whereupon petitioner commenced the instant CPLR article 78 proceeding seeking review.

We are not persuaded by petitioner's argument that its execution of the proposed statement and remittance of the tax demanded therein constituted a final and irrevocable determination of its tax liability for the relevant period. Tax Law § 171 (18) provides that respondent may enter into written agreements with taxpayers respecting their tax liability and that such agreements are final and conclusive. However, even assuming, arguendo, that petitioner's execution of the proposed statement and remittance of tax demanded constituted an agreement, it was with the Department, not with respondent as required by Tax Law § 171 (18).

Nor was the consent filed with respondent final and binding within the meaning of Tax Law § 1138 (c) under the circumstances presented here. Tax Law § 1138 (c) provides that a taxpayer "shall be entitled to have a tax due finally and irrevocably fixed * * * by filing with the tax commission a signed statement in writing, *in such form as the tax commission shall prescribe*" (emphasis supplied). The proposed statement submitted to petitioner by the Department expressly provided that it was subject to the approval of respondent. Before such approval was issued, however, it was discovered that the proposed statement had omitted $5,291.54 from the total tax due during the relevant time frame, which amount had been included in the schedule appended to the proposed statement sent to petitioner, but inadvertently had not been carried forward when the total figure was calculated. We have previously held that language in a somewhat parallel provi-

sion of the Tax Law (§ 1139 [b]), respecting the finality and irrevocability of determinations regarding refunds, prohibited a de novo redetermination of a refund but did not bar reassessments based upon the correction of clerical errors *(Matter of Turner Constr. Co. v State Tax Commn.*, 57 AD2d 201, 204). Contrary to petitioner's contentions, respondent's interpretation of Tax Law § 1138 (c) here will not render its provisions ineffective and permit the wholesale reassessment of determinations at any time within the three-year Statute of Limitations period. Conditioning the finality of the taxpayer's consent to an assessment on respondent's approval under circumstances where a clerical error in the assessment is promptly discovered and corrected following submission of the consent advances a strong public policy in favor of the full and uninhibited enforcement of the Tax Law *(Matter of Turner Constr. Co. v State Tax Commn., supra,* p 203), and constitutes a reasonable implementation of Tax Law § 1138 (c).

We similarly reject petitioner's estoppel argument. The general rule is that estoppel cannot be invoked against the State or its governmental units, particularly in tax matters *(supra).* Petitioner was hardly misled. As already noted, the proposed statement consented to expressly reserved final approval by respondent, and also had attached schedules which should have indicated to petitioner that a greater tax was due.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.

■ In the Matter of PROPERTY OWNERS OF SLEEPY HOLLOW LAKE, INC., Respondent, v TOWN OF COXSACKIE ASSESSMENT BOARD OF REVIEW et al., Appellants. (And Another Related Proceeding.)—Mahoney, P. J. Appeals from two orders and judgments of the Supreme Court at Special Term (Cholakis, J.), entered August 27, 1985 in Greene County, which granted petitioner's applications, in proceedings pursuant to Real Property Tax Law article 7, to reduce the assessments on petitioner's properties to zero for the year 1984, and directed respondents to refund taxes previously collected.