■ In the Matter of MICHAEL NICOLETTI, Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Respondent.—Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered February 8, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

Petitioner admitted that upon receipt of the notices for payment of sales and use taxes, which were dated December 29, 1987, he "did nothing" until July 1988 when he received a collection notice from respondent. His letter requesting an administrative hearing was dated July 25, 1988 and was therefore well past the 90-day time period for requests for review provided by Tax Law § 1138 (a) (1) *(see, Matter of Halperin v Chu,* 138 AD2d 915, *lv dismissed, lv denied* 72 NY2d 938). On October 20, 1989, approximately 22 months after the notices of payment were issued, petitioner commenced this proceeding. This exceeded the four-month Statute of Limitations provided by CPLR 217. Even if it is accepted that petitioner did not have to exhaust his administrative remedies, he still failed to timely commence the instant proceeding *(see, Matter of West Mountain Corp. v State of N. Y. Dept. of Taxation & Fin.,* 105 AD2d 989, *affd* 64 NY2d 991). Accordingly, the proceeding was properly dismissed as time barred. Petitioner's remaining contentions have been considered and found to be lacking in merit.

Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.