■ In the Matter of M. PARPIS FOOD DISTRIBUTORS, INC., et al., Respondents, v JAMES W. WETZLER, as Commissioner of the New York State Department of Taxation and Finance, et al., Appellants. [609 NYS2d 444] —White, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered July 27, 1992 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* vacate certain final statutory notices for payment of sales and use taxes and related tax warrants issued by respondent Commissioner of Taxation and Finance.

In this CPLR article 78 proceeding, respondents appeal from a judgment of Supreme Court which, *inter alia,* granted petitioners' application to vacate certain final statutory notices for payment of sales and use taxes and related tax

warrants issued by respondent Commissioner of Taxation and Finance (hereinafter the State Commissioner). The judgment also remitted the matter to respondent Department of Taxation and Finance for an administrative hearing on the merits. In addition, the judgment tolled the expiration of certain mobile unit permits previously issued to petitioners for food vending carts and enjoined the City of New York and its agents from revoking or terminating petitioners' mobile unit permits or allowing said permits to expire pending a final determination of petitioners' sales tax liability.

The facts of this case are as follows. Petitioner M. Parpis Food Distributors, Inc. (hereinafter Parpis) is in the food distribution business and was the holder of approximately 60 mobile unit permits issued by respondent City of New York Department of Health. These permits are valid for two years and pursuant to Administrative Code of the City of New York § 17-307, it is unlawful to vend food from a vehicle or pushcart without a mobile unit permit. A condition for renewal of said permit is that an application must be accompanied by a tax clearance certificate issued by the State Tax Commission and a tax clearance certificate issued by the New York City Commissioner of Finance (see, Administrative Code of City of NY § 17-310). Parpis was unable to secure a tax clearance certificate because of an unpaid sales tax assessment issued by the Department. As a result, petitioners instituted this CPLR article 78 proceeding by petition dated February 28, 1992.

The record shows that following an audit covering the period June 1, 1987 through May 31, 1990, Parpis was notified of a sales tax liability by notice of determination and demand for payment dated February 25, 1991. This notice was mailed by the Department to petitioners at their place of business in Manhattan and to Parpis' corporate officers, John Goros and Vera Goros, at their home address in Queens. Each notice contained a statement that the determination would be final unless an application for a hearing was filed within 90 days from the date of the notice or unless the State Commissioner redetermined the tax (see, Tax Law § 1138 [a] [1]). Parpis did not request a hearing, and its liability became fixed on the 90th day following said notice of determination and demand for payment (see, Tax Law § 1138 [a] [1]). Further notice was issued to Parpis and the Goroses advising that if payment were not made within five days, a warrant would issue and be recorded as a judgment against Parpis. At the request of Parpis' counsel, by letter dated November 8, 1991, a courtesy conference was held on December 17, 1991 at which time

Parpis requested that the sales tax liability be redetermined. However, because Parpis had failed to supply its books and records for audit and had not requested a hearing until after the 90-day period expired, its request was denied. After another letter from petitioners' counsel renewing Parpis' request for a redetermination, petitioners commenced this proceeding.

It is well settled that a party must exhaust its administrative remedies before seeking judicial review of an administrative decision *(see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371). In this case, there is no question that Parpis did not request a hearing within the 90 days after the issuance of the notice by which it was advised of its sales tax liability *(see,* Tax Law § 1138 [a] [1]). Tax Law § 1140 provides that the remedies provided under Tax Law §§ 1138 and 1139 are the exclusive remedies available for the review of tax liability imposed by Tax Law article 28; because Parpis did not avail itself of this exclusive remedy, it has failed to exhaust its administrative remedies and it is therefore precluded from maintaining this proceeding *(see, Matter of West Mtn. Corp. v State of New York Dept. of Taxation & Fin.,* 105 AD2d 989, *affd* 64 NY2d 991).

Further, this CPLR article 78 proceeding was untimely because the determination of the Tax Commission made on February 25, 1991 became final on May 25, 1991; thus, this proceeding, brought on February 28, 1992, was commenced well beyond the four-month time limitation set forth in CPLR 217.

Accordingly, Supreme Court's judgment is reversed and the petition dismissed. In addition, due to petitioners' failure to comply with the rules of this Court, costs and disbursements are imposed upon petitioners' counsel *(see,* 22 NYCRR 800.9 [d]).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, with one bill of costs against petitioners' counsel, and petition dismissed.