◼ In the Matter of PETER CASTELLANA et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Respondent. [657 NYS2d 475] —Mercure, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered December 12, 1995 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent assessing petitioners for additional income taxes for the tax years 1959, 1960 and 1961.

In August and September 1969, respondent issued notices of additional assessment of income taxes due for the tax years 1959, 1960 and 1961, based upon petitioners' failure to report audit changes in their joint Federal income tax returns for those years. Tax warrants were filed in Kings County on February 20, 1970 for the 1959 assessment and on June 15, 1970 for the 1960 and 1961 assessments. Transcripts of the warrants were subsequently filed in Queens County and Nassau County in 1973, 1979 and 1986. Following the December 1994 seizure of a bank account in the name of petitioner Marianna Castellana, petitioners commenced this CPLR article 78 proceeding seeking to annul the 1969 assessments and the 1994 seizure upon the grounds that the assessments are erroneous and that the doctrine of laches or the applicable Statute of Limitations bars respondent's enforcement efforts. Supreme Court dismissed the petition as time barred and petitioners now appeal.

We affirm. In view of the undisputed fact that, prior to the

commencement of this proceeding in January 1995, petitioners initiated no administrative or judicial challenge to the 1969 assessments, we agree with respondent that so much of the proceeding as seeks annulment of the assessments is barred both by petitioners' failure to exhaust administrative remedies and by the applicable Statute of Limitations. The record establishes that in 1969 petitioners received notice of the deficiency in payment of income taxes for the 1959, 1960 and 1961 tax years. Petitioners then had a limited period of time within which to commence administrative review (see, Tax Law § 681 [b], [e]; § 689 [a]), a condition precedent to judicial review (see, Tax Law § 690 [b]; *Matter of Parpis Food Distribs. v Wetzler*, 202 AD2d 873, 875). In addition, at the time of the 1969 notice, the determination was final and binding upon petitioners, they were aggrieved and the four-month Statute of Limitations of CPLR 217 (1) began to run (see, *Matter of Cohen v New York State Dept. of Taxation & Fin.*, 234 AD2d 739, 739-740; *Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817, 818-819).

Briefly turning to the balance of the petition, we first note that there is no merit to the claim of laches, which is founded upon the false assertions that petitioners received no notice of the 1969 assessments and that respondent failed to take any collection action against petitioners for more than 35 years. As noted, petitioners received notice of the assessments in 1969 and the record evidences substantial enforcement efforts, including a 1971 examination of petitioner Peter Castellana pursuant to CPLR 5223 and 5224 and nine income executions issued between May 14, 1971 and June 3, 1991. In fact, the record shows a number of partial payments toward petitioners' indebtedness that were made between 1972 and 1995. Similarly, the claim of noncompliance with Tax Law § 692 (c) is predicated upon the incorrect assumption that respondent filed no warrants prior to 1986 and is found to lack merit in any event. Notwithstanding petitioners' imaginative reasoning, we are unpersuaded that the failure to file a warrant within the six-year period set forth in Tax Law § 692 (c) serves to extinguish the underlying tax liability.

The balance of the contentions advanced in petitioners' briefs were not raised in the petition and may not be interposed for the first time on appeal.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.