■ In the Matter of ROEBLING LIQUORS, INC., et al., Appellants, v MICHAEL URBACH, as Commissioner of the New York State Department of Taxation and Finance, et al., Respondents. [666 NYS2d 328] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 7, 1996 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time barred.

In connection with its investigation of the underreporting of sales tax by retail liquor distributors, the Revenue Opportunity Division of the Department of Taxation and Finance (hereinafter the Department), sent a letter on January 7, 1992 to various wholesalers of alcoholic beverages located throughout the State, requesting the names and addresses of their retail customers and a record of sales made for the 1991 calendar year. The letter advised that in the event the wholesalers failed to supply the requested information, a subpoena would issue. On March 24, 1993, the Department sent a similar letter to the wholesalers for calendar years 1989, 1990 and 1992.

As a result of information received through its investigation, the Department conducted an audit of the sales tax records of petitioner Roebling Liquors, Inc. Following its receipt of additional information from four of Roebling's suppliers, the Department issued a notice of determination on December 13, 1993 assessing Roebling additional sales tax. Roebling and its president, petitioner Sidney Cooper, sought administrative review of the determination before respondent Division of Tax Appeals. In February 1996, however, prior to the commencement of the administrative hearing, petitioners commenced this CPLR article 78 proceeding challenging the Department's practice of compelling wholesale distributors to disclose the sales information and to suppress such information received by the Department in the administrative hearing involving Roebling. Following several postponements, the administrative hearing was stayed pending resolution of the CPLR article 78 proceeding. Supreme Court dismissed the petition holding that the proceeding was not timely commenced within the four-month Statute of Limitations provided by CPLR 217. Petitioners appeal.

Petitioners contend that because their challenge is to the constitutionality of the Department's practice, the four-month Statute of Limitations set forth in CPLR 217 is inapplicable. We disagree. It is well settled that CPLR 217 does not apply to

challenges to the constitutionality of legislative enactments, inasmuch as the proper procedural vehicle is a declaratory judgment action for which there is no set Statute of Limitations (*see, Press v County of Monroe*, 50 NY2d 695, 702-703; *Town of Brookhaven v State of New York*, 142 AD2d 338, 340, *appeal dismissed* 74 NY2d 714; *see also, New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 200-202). Nevertheless, a party may not assert constitutional claims in an attempt to subvert the Statute of Limitations provided by CPLR 217 when the essence of the party's challenge is to the specific actions of an administrative agency (*see, e.g., Matter of New York State Conference of Blue Cross & Blue Shield Plans v Cooper*, 173 AD2d 60, 63; *Goodman v Regan*, 151 AD2d 958, 959), including those of the taxing authorities (*see, e.g., Davidoff v State Tax Commn.*, 208 AD2d 1095, 1096; *Anderson v State of New York*, 173 AD2d 988; *see also, Heron v Division of Taxation*, 209 AD2d 989, *lv denied* 85 NY2d 809).

Here, an examination of the petition reveals that the essence of petitioners' challenge is to the Department's practice of compelling the disclosure of customer information from wholesale distributors, particularly as such practice affected Roebling. Notably, the petition requests injunctive relief, including an order precluding respondents from utilizing the information received from Roebling's suppliers in its pending administrative hearing. The petition's allegations of constitutional violations are vague and conclusory. Inasmuch as petitioners' challenge is to the administrative actions of the Department in discharging its duty of collecting sales tax (*see, Davidoff v State Tax Commn., supra*, at 1096), the four-month Statute of Limitations set forth in CPLR 217 is applicable. Furthermore, to the extent that petitioners became aggrieved by such practice when the December 13, 1993 notice of determination was issued against Roebling (*see, Matter of Castellana v New York State Dept. of Taxation & Fin.*, 239 AD2d 749, 749-750), we conclude that the proceeding was properly dismissed as untimely because it was not commenced within four months of that date. In view of our disposition, we need not address petitioners' remaining contentions.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.