■ In the Matter of DAVID L. ERNST, Appellant, v NEW YORK STATE EXECUTIVE DEPARTMENT, DIVISION OF PAROLE, et al., Respondents. [667 NYS2d 513] —Spain, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered December 4, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to join a necessary party.

Petitioner was appointed to the exempt position of Public Relations Officer for respondent New York State Division of Parole in 1991. In March 1995, the Division executed cost-saving measures including the abolition of certain positions within the Division; petitioner, however, as a veteran of the Vietnam War, enjoyed the protections of Civil Service Law § 75. Thereafter, however, the Division abolished petitioner's position of Public Relations Officer, effective May 1, 1996. The record reveals that two weeks earlier, the Division had submitted a request to respondent State Division of Budget (hereinafter Budget) to create the new position of Executive Assistant to the Chairperson of the Division; subsequently, the position was formally designated Executive Assistant and the jurisdictional classification for the newly created position was "pending exempt". Thomas Grant was appointed to that position effective May 6, 1996. Joseph Gawloski, Executive Director of the Division as of May 1995, averred that the reason for abolishing petitioner's position and creating the new Executive Assistant position was to consolidate responsibility for the Division's legislative and public relations matters into a single position. The "Duties Statement" for the position of Executive Assistant, dated April 1996, contained language different than that found in the job description for Public Relations Officer; however, both documents included a reference to performing other duties as directed or assigned.

Petitioner commenced the instant CPLR article 78 proceeding to annul the determination abolishing petitioner's position asserting that it was not done in "good faith"; petitioner sought,

*inter alia*, restoration to his position as Public Relations Officer or an equivalent position with the Division. Petitioner named as respondents the Division, the Chairperson of the Division, Budget, the State Department of Civil Service and the State Department of Audit and Control. Respondents' answers raised, *inter alia*, the defense of failure to join Grant as a necessary party. Upon receipt of respondents' answers, petitioner moved by order to show cause for leave to join Grant as a respondent. Thereafter, Supreme Court determined that Grant was a necessary party because the litigation could deprive him of his position as Executive Assistant and, further, held that because the four-month Statute of Limitations had expired before Grant received notice of the commencement of the proceeding and because there was no unity of interest between Grant and respondents, dismissal of the petition, rather than joinder, was appropriate. Petitioner appeals.

We affirm. Initially, Supreme Court correctly determined that Grant is a necessary party because if petitioner prevailed Grant would undoubtedly lose his job (*see, Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y.*, 181 AD2d 968, 969; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935; *see also*, CPLR 1001 [a]).

Next, we reject petitioner's contention that Supreme Court abused its discretion by denying his motion for leave to join Grant as a party. It is undisputed that petitioner's application was made after the four-month Statute of Limitations had expired (*see*, CPLR 217). In our view, there is no unity of interest between Grant and the other named respondents (*see, Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963, *lv denied* 87 NY2d 807) and, as we have stated repeatedly, where the Statute of Limitations has expired joinder is disfavored (*see, Matter of Llana v Town of Pittstown*, 234 AD2d 881, 884; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol, supra*, at 716). Accordingly, we conclude that Supreme Court's dismissal was a proper exercise of its discretion.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.