■ , In the Matter of MAURICE BRAHMS, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents. [681 NYS2d 699] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained deficiencies of sales and use taxes imposed under Tax Law articles 28 and 29.

Petitioner was the owner and an officer of two corporations, 1526 Broadway Corporation (hereinafter 1526 Broadway) and 29-37 West 52nd Street Corporation (hereinafter 29-37 West), operating night clubs in New York City. In December 1980, he pleaded guilty to tax evasion and was incarcerated from January 1981 until January 1983. Following his release, an agent from the State Department of Taxation and Finance (hereinafter the Department) appeared at the premises located at 1526 Broadway to close it due to overdue taxes. According to petitioner, he entered into an agreement with the agent, never reduced to writing, under which he would be permitted to

---

"[A.] Yes."

continue operation of the business if he made an immediate payment of $12,500 and future payments of $10,000 toward taxes owed by the corporation. Petitioner asserts that the agreement further provided that, as long as the corporation's taxes were kept current, any additional payments made by him would be applied to his personal liability for assessments issued while he was a corporate officer. Petitioner claims that between January 1983 and March 1983, when the business at 1526 Broadway was closed by the Internal Revenue Service, he made payments of over $40,000.

In June 1984, the Department assessed 1526 Broadway and petitioner personally approximately $156,000 for sales and use taxes. Petitioner challenged the assessment by petition and, in March 1989, the parties settled the matter agreeing, *inter alia*, that petitioner would be personally liable as officer of 1526 Broadway for the sum of $19,262.32 plus interest. A stipulation of discontinuance was signed on petitioner's behalf by his attorney. During the course of negotiations, however, petitioner insisted that he had made prior payments to satisfy his personal liability for 1526 Broadway. The Department indicated by letter dated March 10, 1989 that it would make every effort to determine if the subject payments had been made and "[i]n the event payments have been erroneously credited to other than those intended by petitioner, to the extent proper and permissible, adjustments will be made". In January 1990, petitioner submitted documentation to the Department purportedly evidencing the payments. In April 1990, however, the Department issued a notice of assessment review advising petitioner that no payments had been paid toward his personal liability. It subsequently found deficient the documentation petitioner provided to substantiate his payments.

The Department additionally assessed 29-37 West and petitioner personally approximately $230,000 for unpaid sales and use taxes. Petitioner also challenged that assessment and, in March 1991, entered into a stipulation of discontinuance settling that assessment. The stipulation reduced his personal liability to $9,352.48 plus interest. According to petitioner, as part of the settlement, the Department orally agreed that petitioner would have no further personal liability with respect to the assessment relating to 1526 Broadway. In May 1991, petitioner made a payment of approximately $25,000 pursuant to the stipulation.

In January 1996, petitioner moved to reopen the matters and vacate the stipulations of discontinuance on the basis of fraud and misrepresentation. An Administrative Law Judge

(hereinafter ALJ) denied petitioner's application finding that petitioner had failed to prove fraud, malfeasance or misrepresentation of a material fact. That decision was affirmed by respondent Tax Appeals Tribunal. Petitioner commenced this CPLR article 78 proceeding seeking to set aside the Tribunal's determination.

We confirm. Tax Law § 171 (Eighteenth) provides authority for obtaining the vacatur or modification of a stipulation of discontinuance entered into in compromise of a tax assessment but only "upon a showing of fraud, malfeasance, or misrepresentation of a material fact". Notably, the standard for reviewing a determination of a taxing authority which is made without an evidentiary hearing is whether the determination is arbitrary, capricious or lacks a rational basis (*see, Matter of Joint Diseases N. Gen. Hosp. [Department of Taxation & Fin.]*, 148 AD2d 873, 875). The burden of proof is on the taxpayer (*see, Matter of Clark v Bouchard*, 103 AD2d 899).

Petitioner contends, *inter alia*, that in entering into the stipulation of discontinuance concerning tax liability for 1526 Broadway, he relied upon representations made by Department officials, particularly the March 10, 1989 letter. He argues that the Department failed to credit the prior payments. He further asserts that he would never have signed the stipulation of discontinuance relating to 29-37 West if Department officials had not assured him that his personal liability for taxes relating to the two corporations would be released.

Based upon our review of the record, we conclude that there is ample support for the ALJ's conclusion, adopted ·by the Tribunal, that petitioner was not induced by fraud, malfeasance or misrepresentation to enter into the stipulations. In regard to the stipulation concerning 1526 Broadway, there is no evidence of a written agreement wherein the Department consented to reduce petitioner's personal liability below the amount set forth in the stipulation ($19,262.32 plus interest). While petitioner did claim that he had made prior payments which were to be applied toward that liability, the Department formally notified petitioner by letter dated May 17, 1990 that the prior payments he claimed he made were remitted before petitioner's personal liability assessments had been issued. Moreover, the March 10, 1989 letter relied upon by petitioner to establish misrepresentation merely stated that the Department agreed to make adjustments for any prior payments that had not been properly credited. Contrary to petitioner's claim, the letter did not represent that such payments had been made but were improperly credited and would be applied to reduce his personal liability.

Furthermore, concerning the stipulation relating to 29-37 West, there is nothing in writing to evidence the Department's purported agreement to relieve petitioner of personal liability for the unpaid taxes of both corporations in exchange for executing the stipulation. The Department official who negotiated the stipulation denied that such an agreement was made. In finding that petitioner failed to meet his burden of demonstrating that the stipulations were entered into as a result of fraud, malfeasance or misrepresentation by the Department, the ALJ chose to credit the Department's evidence over that of petitioner. Given that issues of credibility are matters properly for the taxing authority to resolve (*see, Matter of Gordon v Tax Appeals Tribunal*, 243 AD2d 828, 830; *Matter of Petak v Tax Appeals Tribunal*, 217 AD2d 807, 809), we conclude that the Tribunal's determination adopting the ALJ's findings was neither arbitrary, capricious nor irrational. We have considered petitioner's remaining contentions and find them to be unavailing.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.