■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [687 NYS2d 740] —Carpinello, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 6, 1998 in Albany County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, granted respondents' cross motion for summary judgment dismissing the petition.

We are once again called upon to determine whether dismissal of a proceeding is the appropriate consequence for the failure to join necessary parties prior to the expiration of the Statute of Limitations. The instant CPLR article 78 proceeding was filed in May 1995 by, among others, individuals who had previously held positions as inspectors, judges and investigators at various thoroughbred and harness racetracks throughout the State prior to respondent George E. Pataki's election as Governor in November 1994 (hereinafter the individual petitioners). Following the election, the individual petitioners were not reappointed to their respective positions. They claim that the reason for this was based solely on their political affiliation in violation of their rights under the Civil Service Law and the Federal and State Constitutions. Those originally named as respondents included the Governor, as well as the State Racing and Wagering Board (hereinafter the Board), which is a branch of the Executive Department having general jurisdiction over all horse racing and pari-mutuel betting in the State, and the Board's former chairperson (hereinafter collectively referred to as respondents). Significantly, the persons appointed by the Board to replace the individual petitioners (hereinafter collectively referred to as the replacement employees) were not named as parties in the original petition notwithstanding the fact that the petition sought, among other relief, "reinstate[ment of the individual] petitioners to their previously held positions".

In their answer to the petition, respondents asserted that the positions at issue were temporary, that the individual petitioners served at the pleasure of the Board's chairperson and could be legally terminated "at will" and that the decision

not to reappoint them was not based upon constitutionally impermissible grounds. Finally, and most importantly, respondents alleged that petitioners failed to name necessary parties and that Supreme Court could not proceed in their absence.

In a thorough and well-reasoned decision dated July 8, 1996, Supreme Court evaluated the relative merits of the various claims and defenses and ruled that factual issues precluded a determination based on the papers before it. Citing CPLR 1001 (a), the court recognized that the replacement employees " 'might be inequitably affected by a judgment' " and ordered their joinder. Notably, a cover letter prepared by petitioners' counsel and served on the replacement employees with the formal notice of joinder recited that "[i]f [petitioners are] successful, you may be removed from your position". It also recited that "[i]f you wish your *individual* interests to be represented, you must answer" (emphasis supplied).

After the replacement employees were served, respondents sought leave of court to amend their answer to assert the expiration of the Statute of Limitations as an affirmative defense. By decision dated July 7, 1997, Supreme Court noted that such leave had been sought within three months of the filing of answers on behalf of the newly joined respondents and, in the absence of a showing of prejudice, it granted the motion. Upon the subsequent motion by petitioners and cross motion by respondents for summary judgment, Supreme Court determined that it had improvidently directed joinder of the replacement employees in its July 1996 decision since the four-month Statute of Limitations had already expired at that time. The court accordingly granted respondents' cross motion and dismissed the petition in its entirety. It is from the judgment entered dismissing the petition, as well as the two aforementioned nonfinal orders, that petitioners appeal.

Finding no error in the decisions of Supreme Court, we affirm.* Petitioners do not seriously dispute that those individuals who replaced them were necessary parties to this proceeding since they stood to lose their jobs in the event petitioners were ultimately successful. To be sure, we find, as did Supreme Court, that the replacement employees were clearly necessary parties to this proceeding (*see, Matter of Ernst v New York State Exec. Dept., Div. of Parole*, 246 AD2d 738, 739). CPLR

---

* At oral argument, petitioners' attorney conceded that the Court of Appeals' decision in *Matter of Dudley v Kerwick* (52 NY2d 542) firmly establishes that CPLR 1001 (a) applies to CPLR article 78 proceedings and thus withdrew petitioners' arguments to the contrary.

1001 (a) provides, in relevant part, that a person is deemed to be a necessary party "if complete relief is to be accorded between the persons who are parties to the action or [those] who might be inequitably affected by a judgment" (*see, Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883-884, *lv denied* 91 NY2d 812; *Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963, *lv denied* 87 NY2d 807). Plainly, the replacement employees would be adversely affected by any judgment granting the individual petitioners reinstatement to their former positions. As these employees stand to lose their jobs, they fall squarely within the definition of a necessary party (*see, Matter of Ernst v New York State Exec. Dept., Div. of Parole, supra*, at 739; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935).

Petitioners argue that respondents are "united in interest" with the replacement employees such that their failure to join the latter does not warrant dismissal of the proceeding. We are unpersuaded. In our view, petitioners could not establish that respondents, as governmental entities motivated by, among other considerations, litigation strategies, resource constraints and possible political considerations, could adequately address the interests of the replacement employees, as private citizens whose primary concern is to retain their jobs (*see, Matter of Martin v Ronan*, 47 NY2d 486, 491; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol, supra*, at 716). Moreover, neither the Attorney General's statutorily-mandated representation of the replacement employees at this juncture in the litigation (*see*, Public Officers Law § 17 [2] [b]) nor the fact that respondents and the replacement employees may desire the same resolution of the proceeding—i.e., a finding that the appointment of the replacement employees was within the Board's power and violated no statutory or constitutional mandate—persuades us that these parties are united in interest (*see, Matter of Ernst v New York State Exec. Dept., Div. of Parole, supra*, at 739). In these circumstances, Supreme Court did not abuse its discretion in dismissing the petition for failure to join the replacement employees as necessary parties within the four-month Statute of Limitations.

Finally, in examining the substance of petitioners' statutory and constitutional claims and the relief sought thereby (*see, Solnick v Whalen*, 49 NY2d 224, 229), it is clear that the essence of same is a challenge to the Board's actions in failing to reappoint the individual petitioners. That being the case, these claims can be resolved in a CPLR article 78 proceeding subject to the four-month Statute of Limitations and Supreme Court

did not err in declining to convert the proceeding into a declaratory judgment action (see, *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202; *Matter of Stankavich v Town of Duanesburg Planning Bd.*, 246 AD2d 891, 892; *Matter of Roebling Liqs. v Urbach*, 245 AD2d 829, 830, *appeal dismissed, lv denied* 91 NY2d 948).

Cardona, P. J., Mercure and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.