■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [687 NYS2d 743] —Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 29, 1998 in Albany County, which, inter alia, in a proceeding pursuant to CPLR article 78, granted respondents' cross motion for summary judgment dismissing the amended petition.

With one exception, this appeal raises the same legal issues

presented in the companion case of *Matter of Civil Serv. Empls. Assn. v Pataki* (259 AD2d 826) (hereinafter *CSEA I*). Among the petitioners in this proceeding are individuals who held positions as inspectors and judges at two harness racetracks in western New York (hereinafter the individual petitioners) prior to the November 1994 election of respondent George E. Pataki as Governor. Following the election, the individual petitioners were either not reappointed to their respective positions or were reappointed but only to serve "at the pleasure" of respondent Jerry Bilinski, the former Chairperson of respondent New York State Racing and Wagering Board (hereinafter the Board).

Petitioners commenced this proceeding in December 1995. In addition to claiming that respondents terminated certain of the individual petitioners because of their political affiliation in violation of their rights under the Civil Service Law and the Federal and State Constitutions (claims one through nine in the amended petition),[1] petitioners also claim that Bilinski lacked the authority "to appoint or remove racing inspectors or paddock judges at his pleasure" and that he violated the Racing, Pari-Mutuel Wagering and Breeding Law when he reappointed certain of the individual petitioners "to serve in civil service classified positions at his pleasure and set a term of employment for [them]" (10th claim). Notably, this latter claim was not asserted by the petitioners in *CSEA I*. As in that case, however, petitioners in this proceeding failed to name within the applicable Statute of Limitations those persons appointed by respondents to replace the individual petitioners (hereinafter the replacement employees). Adopting the decision rendered by Supreme Court (Ceresia, Jr., J.) in *CSEA I*, Supreme Court dismissed the amended petition in this proceeding in its entirety. Petitioners appeal.

To the extent that petitioners contend on appeal that the replacement employees were not necessary parties, that respondents are "united in interest" with the replacement employees and that Supreme Court erred in failing to convert the proceeding to a declaratory judgment action, these exact same issues were raised and rejected by this Court in *CSEA I*. For the reasons articulated in *CSEA I*, we again reject them. Accordingly, all of the claims contained in the amended petition, excluding the 10th claim, were properly dismissed by Supreme Court.

However, to the extent that the 10th claim does not involve

---

1. We note that petitioners withdrew their second claim in the amended petition, which alleged a violation of Labor Law § 201-d.

the termination or replacement of certain individual petitioners, but rather concerns the nature of their reappointments and whether same could be conditioned at the pleasure of Bilinski, it was improperly dismissed on the ground that petitioners failed to name necessary parties (*see,* CPLR 1001 [a]).[2] Simply stated, this claim does not involve any replacement employees (*cf., Matter of Ernst v New York State Exec. Dept., Div. of Parole,* 246 AD2d 738, 739; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol,* 163 AD2d 715, 716, *affd* 78 NY2d 935) and it should have survived the motion for summary judgment. Therefore, the sole surviving claim is whether Bilinski, in conditioning the appointment of certain of the individual petitioners to serve at his pleasure, exceeded his statutory authority.

While we do not read the provision of Racing, Pari-Mutuel Wagering and Breeding Law § 101 (8) relating to service conditioned at the pleasure of the Board's chairperson to apply to the types of employees at issue in this proceeding,[3] such a finding does not necessarily preclude these employees from being appointed on a temporary basis. On the record presently before us, we are simply unable to resolve as a matter of law the factual issues surrounding these individual petitioners' reappointments and whether the manner in which they were reappointed violated any statutory provision or administrative regulation. Petitioners' remaining contentions have been considered and found to be unpersuasive.

Cardona, P. J., Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' cross motion regarding the 10th claim in the amended petition; cross motion denied regarding said claim; and, as so modified, affirmed.

---

**2.** Contained in the record are letters to petitioners Gary S. Bucceri, Samuel Dorsey, Ronald Gilbert, Francis J. Mangefrida, John Masiello, Fred Merica, Salvatore C. O'Geen, Linda Palaszynski and Judy Turetsky from Bilinski outlining that they were being appointed to the position of inspector or judge at Bilinski's pleasure. Although no such letter is contained in the record concerning petitioner Salvatore Oddo, there is evidence that he too was reappointed in 1995 and 1996 and it can be reasonably inferred that his reappointments were similarly conditioned.

**3.** As pertinent here, Racing, Pari-Mutuel Wagering and Breeding Law § 101 (8) states as follows: "The chairman of the board shall appoint such deputies, secretary, officers, representatives and counsel as the board may deem necessary, who shall serve during his pleasure, and shall *also appoint* such employees as the board may deem necessary, and whose duties shall be prescribed by the board and whose compensation shall be fixed by the board within the appropriations available therefor" (emphasis supplied).