■ In the Matter of CHARLES P. VOELKER, Petitioner, v STATE OF NEW YORK COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [854 NYS2d 593]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which upheld the validity of three notices of deficiency against petitioner.

In September 2003, three notices of deficiency were issued to petitioner concerning taxes owed by a business of which he was alleged to be a responsible person. Each notice clearly advised petitioner of his obligation, in the event he disagreed that he was personally liable for the assessment, to either file a request for a conciliation conference or petition for a tax appeals hearing by a certain date in December 2003. It is undisputed that petitioner did neither within this time period. Rather, between September 10, 2003 and February 9, 2005, petitioner's attorney

wrote four letters to the Department of Taxation and Finance generally disputing that petitioner was a responsible party and providing certain supporting documentation. Petitioner himself wrote a similar denial letter dated June 18, 2004.

In March 2005, respondent Commissioner of Taxation and Finance brought enforcement proceedings against petitioner prompting him to commence a CPLR article 78 proceeding in April 2005 seeking to stay collection activities. This proceeding was dismissed for failure to exhaust administrative remedies. Finally, in May 2005, petitioner filed an administrative petition seeking reversal of the notices of deficiency which the Division of Tax Appeals moved to dismiss as untimely pursuant to Tax Law § 689. An Administrative Law Judge found that the lack of a timely protest to the notices divested the Division of jurisdiction to address the merits of the petition and thus dismissed it. Upon the filing of exceptions by petitioner, respondent Tax Appeals Tribunal affirmed, prompting this CPLR article 78 proceeding.

As it is undisputed that petitioner failed to timely pursue administrative remedies challenging the subject notices of deficiency, we are unable to conclude that the Tribunal's determination upholding dismissal of his belated petition was arbitrary, capricious or irrational (*see* CPLR 7803; *see generally Matter of Moore v Commissioner of Taxation & Fin.*, 4 AD3d 682, 683 [2004], *lv denied* 3 NY3d 603 [2004]; *Matter of Castellana v New York State Dept. of Taxation & Fin.*, 239 AD2d 749, 750 [1997]; *Matter of Nicoletti v New York State Dept. of Taxation & Fin.*, 172 AD2d 994 [1991]; *Matter of Halperin v Chu*, 138 AD2d 915, 917-918 [1988], *lv dismissed and denied* 72 NY2d 938 [1988]). While petitioner maintains that the Division, in moving to dismiss the April 2005 CPLR article 78 proceeding, made representations before Supreme Court that he would receive a hearing if he made a demand for one, the record does not confirm this contention. To the contrary, in moving to dismiss that proceeding for failure to exhaust administrative remedies, the Division expressly reserved the right to raise the timeliness of any petition ultimately filed. Moreover, we are unpersuaded that the Tribunal's determination should be vacated on any other ground.

As a final matter, we note that petitioner has an available alternative remedy in which to pursue his claims, namely, Tax Law § 689 (c) (*see e.g. Matter of Cullen v New York State Div. of Tax Appeals*, 30 AD3d 850, 851 [2006]).

Peters, J.P., Kane, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.