Matter of Dumpling Cove, LLC v Commissioner of Taxation & Fin. (2024 NY Slip Op 04288)

Matter of Dumpling Cove, LLC v Commissioner of Taxation & Fin.

2024 NY Slip Op 04288

Decided on August 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 22, 2024

534496
[*1]In the Matter of The Dumpling Cove, LLC, Petitioner,
v
Commissioner of Taxation and Finance et al., Respondents.

Calendar Date:February 14, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Law Offices of Dave R. Britton, White Plains (Dave R. Britton of counsel), for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for Commissioner of Taxation and Finance, respondent.

Mackey, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal dismissing petitioner's application for redetermination of sales and use tax assessment imposed under Tax Law articles 28 and 29 for lack of jurisdiction.
Petitioner is a limited liability company with an address in the Bronx. In January 2018, petitioner signed a Statement of Proposed Audit Change for Sales and Use Tax (hereinafter the agreement), agreeing that it owed $506,091.78 in taxes and interest for under- or unreported sales for the period of June 2014 through August 2017. Shortly thereafter, the Department of Taxation and Finance (hereinafter the Department) sent petitioner a letter notifying it of the agreed audit changes, acknowledging receipt of a $100,000 check that petitioner had recently sent, and referring petitioner to the Department's website "to view your balance due." The letter also advised petitioner that "[p]enalties and interest [at the rate of 14.5%] continue to accrue until we receive payment in full." Thereafter, petitioner made additional partial payments, but never payment in full, and, in July 2018, the Department docketed a tax warrant in Bronx County for $397,451.95.
In December 2019, petitioner filed a petition with the Division of Tax Appeals (hereinafter the Division) seeking a redetermination and clarification of the amount owed and interest imposed. In May 2020, the Administrative Law Judge (hereinafter ALJ) issued a notice of intent to dismiss the petition for lack of jurisdiction. The Division sent a letter in support of the dismissal and provided a copy of the January 2018 agreement. The ALJ issued a determination in September 2020 dismissing the petition finding that, in light of the Division's limited jurisdiction, the agreement entered into by petitioner deprived the Division of jurisdiction over the matter. Petitioner thereafter filed an exception with respondent Tax Appeals Tribunal arguing that the interest claimed was improperly calculated and seeking a clarification of interest and a determination that the warrant controlled the amount of taxes owed. The Tribunal affirmed the ALJ's determination dismissing the petition on the same jurisdictional ground. Petitioner then commenced the instant CPLR article 78 proceeding in this Court challenging the Tribunal's determination.[FN1]
Preliminarily, we reject petitioner's assertion that it did not receive notice of the ALJ's intent to dismiss the proceeding. Absent evidence to the contrary, the certified mail record appearing in the record on review is sufficient prima facie evidence that the notices were delivered to petitioner as addressed (see Tax Law § 1147 [a] [1], [2]).
Turning to the merits, while generally "this Court's review of the Tribunal's determination is limited to whether it has a rational basis and is supported by substantial evidence" (Matter of Carlson v Tax Appeals Trib. of the State of N[*2].Y., 214 AD3d 1133, 1134 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]), the Tribunal's dismissal of petitions on jurisdictional grounds is subject to a review by this Court of whether dismissal was "arbitrary, capricious or irrational" (Matter of Winners Garage, Inc. v Tax Appeals Trib. of the State of N.Y., 89 AD3d 1166, 1168 [3d Dept 2011], lv denied 18 NY3d 807 [2012]; see CPLR 7803 [3]; Matter of Voelker v State of N.Y. Commr. of Taxation & Fin., 50 AD3d 1187, 1188 [3d Dept 2008]; Matter of Brahms v Tax Appeals Trib., 256 AD2d 822, 824 [3d Dept 1998]; cf. Matter of Halperin v Chu, 138 AD2d 915, 917 [3d Dept 1988], lv dismissed & denied 72 NY2d 938 [1988]).
Tax Law § 1138 allows a taxpayer to consent in writing to the imposition of a tax prior to the otherwise applicable 90-day period for a notice of determination to become a valid assessment (see Tax Law § 1138 [c]). Tax Law §§ 1138 and 1139 "reflect a clear legislative intent to narrow the opportunity for administrative and court review" (Matter of 550 Cent. Ave. Deli Corp. v Commissioner of Taxation & Fin., 188 AD2d 845, 846 [3d Dept 1992], lv denied 81 NY2d 706 [1993]; see also Matter of Emerald Intl. Holdings Ltd. v Tax Appeals Trib. of the State of N.Y., 181 AD3d 1003, 1006 n [3d Dept 2020]). Relatedly, respondent Commissioner of Taxation and Finance is empowered "to enter into a written agreement with any person, relating to the liability of such person (or of the person for whom he acts) in respect of any tax or fee imposed by the [T]ax [L]aw . . . , which agreement shall be final and conclusive . . . except upon a showing of fraud, malfeasance, or misrepresentation of a material fact" (Tax Law § 171 [18]; see Matter of Brahms v Tax Appeals Trib., 256 AD2d at 824; see generally Matter of Adirondack Steel Casting Co. v New York State Tax Commn., 121 AD2d 834, 835 [3d Dept 1986]; Matter of Petrie Stores Corp. v Tully, 80 AD2d 328, 330 [3d Dept 1981]). Further, "in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, cancellation, abatement, refund or credit made in accordance therewith, shall not be annulled, modified, set aside or disregarded" (Tax Law § 171 [18]).[FN2]
Here, upon our reading of the petition, petitioner does not contest the validity of the agreement itself or its underlying tax liability. Indeed, at oral argument petitioner conceded that there was no fraud, malfeasance or misrepresentation of fact by the Department that would upset the finality and conclusiveness of the agreement. Rather, petitioner contested how its partial payments were credited to the underlying liability. Petitioner argues that its partial payments should have been credited to the tax owed, not to interest, and that the Department's failure to do so has resulted in the improper accrual of additional interest on the amount owed.[FN3] We find nothing in the agreement that would preclude petitioner from challenging the manner in which [*3]its partial payments have been credited and, because we believe the Division had subject matter jurisdiction to address that question, we reverse.
Tax Law § 2000 provides that the Division is "responsible for providing the public with a just system of resolving controversies with [the Department] and to ensure that the elements of due process are present with regard to such resolution . . . [and to provide] hearings as prescribed pursuant to this chapter or as a matter of right where the right to a hearing is not specifically provided for, modified or denied by another provision of this chapter." Accordingly, a taxpayer may file a petition with the Division challenging "any written notice of the [Division] which has advised the petitioner of a tax deficiency [or] a determination of tax due" (Tax Law § 2008 [1] [emphasis added]). We disagree with the dissent that information conveyed to a taxpayer via the Department's website is not a "notice" for these purposes. We understand that the term "website" does not appear in the statutes in question, for the obvious reason that websites simply did not exist when the statutes were adopted. However, it is undisputed that the Department uses its website to convey information to taxpayers and specifically directed petitioner in this case to the Department's website to view its "balance due." We believe that the Department's use of its website in this fashion makes it a notice for purposes of Tax Law § 2008.
Regulations implementing the provisions of the Tax Law referenced above reinforce this view. They "are intended to provide the public with a clear, uniform, rapid, inexpensive and just system of resolving controversies with the Division . . . [and] to afford the public both due process of law and the legal tools necessary to facilitate the rapid resolution of controversies, while at the same time avoiding undue formality and complexity" (20 NYCRR 3000.0 [a]). Moreover, the regulations "shall be liberally construed to secure the just, speedy and inexpensive determination of every controversy" (20 NYCRR 3000.0 [c]). It is our opinion that the Division has subject matter jurisdiction to address petitioner's challenge to the manner in which the Department has allocated its partial payments. The remedy suggested by the Department, that petitioner pay in full and then apply for a refund, does not provide due process to a taxpayer for whom immediate payment in full is not a viable option. Certainly, such a system would not "secure the just, speedy and inexpensive determination of every controversy" (20 NYCRR 3000.0 [c]), to which taxpayers are entitled.
Petitioner's remaining contentions have been fully reviewed and found to be without merit.
Egan Jr., J.P., Aarons and McShan, JJ., concur.
Pritzker, J. (dissenting).
At the outset, I generally agree with the majority that petitioner, in its petition, did not principally contest the validity of the Statement of Proposed Audit Change for Sales and Use Tax ([*4]hereinafter the agreement), but rather was contesting how its partial payments were credited toward the underlying liability.[FN4] Nevertheless, it is my view that respondent Tax Appeals Tribunal, part of the Division of Tax Appeals (hereinafter the Division), lacks subject matter jurisdiction over the proceeding based upon the Department of Taxation and Finance's (hereinafter the Department) alternate ground for affirmance; to wit, petitioner's right to a hearing pursuant to the relevant statute and regulation was not triggered. Accordingly, the Tribunal's decision is neither arbitrary and capricious nor based on an error of law and should be confirmed.
The crux of petitioner's argument is that the Department is not correctly applying petitioner's partial payments. As such, petitioner seeks to have this Court rule that "the calculation of payments received be one established under the warrant/judgment, thereby adjusting the amount owed for tax and interest accordingly[,] or in the alternative remand the matter to [the Division] for a hearing." However, the Division is without subject matter jurisdiction to address petitioner's challenge. More specifically, the Division's authority is limited and its power to adjudicate is solely statutory (see Tax Law art 40). Specifically, within the Department there is a "separate and independent [Division] [which is] operated and administered by [the Tribunal]" (Tax Law § 2002). Significantly, "[the Division] is not involved in the administration or collection of taxes" (20 NYCRR 3000.1 [d]; see Matter of Hogan, 2009 WL 4505526, *4, 2009 NY Tax LEXIS 141, *8-9 [NY St Div of Tax Appeals DTA No. 822304, Nov. 25, 2009]). A proceeding in the Division is "commenc[ed] with the filing of a petition in response to a statutory notice" (20 NYCRR 3000.1 [f]). A statutory notice, as relevant here, is defined as "any written notice of [respondent] Commissioner of Taxation and Finance which advises a person of a tax deficiency [or a] determination of tax due" (20 NYCRR 3000.1 [k]).
Here, however, petitioner is not contesting a written notice advising it of a tax deficiency or a determination of a tax due which would trigger the Division's jurisdiction.[FN5] Rather, petitioner is contesting the outstanding amount of its past-due tax liability and allocation of its partial payments. These are clearly issues with the "collection of taxes," over which the Division does not have jurisdiction (20 NYCRR 3000.1 [d]). Petitioner asserts that viewing its online account at some point in time triggered the Division's jurisdiction and conferred its right to a hearing.[FN6] While the record is silent as to precisely what petitioner viewed on its online account that led to this controversy,[FN7] in its brief it references having viewed a Consolidated Statement of Tax Liabilities showing petitioner's past-due tax liabilities and previous payments. Significantly, the Tribunal has repeatedly held, and I agree, that "[a] consolidated statement of tax liabilities[*5]. . . does not qualify as a statutory notice. This is because a consolidated statement of tax liabilities reports a taxpayer's past-due tax liabilities . . . [and] does not confer jurisdiction on [the] Tribunal to consider the substantive merits of a taxpayer's protest" (Matter of Mostovoi, 2019 WL 2347314, *2, 2019 NY Tax LEXIS 166, *5 [NY St Div of Tax Appeals DTA No. 828628, May 23, 2019]; see Matter of Midland Farms, Inc., 2024 WL 938338, *2,2024 NY Tax LEXIS 22, *4 [NY St Div of Tax Appeals DTA No. 831157, Feb. 22, 2024]; Matter of Khairy, 2021 WL 3134866, *2, 2021 NY Tax LEXIS 79, *5 [NY St Div of Tax Appeals DTA No. 830190, July 8, 2021]). In fact, as a general matter, once a tax liability "becomes fixed and final," as occurred here when petitioner entered into the agreement, the Division "lacks jurisdiction to consider the substantive merits of the protest" (Matter of Mostovoi, 2019 WL 2347314, *2, see also Tax Law § 2006 [4]; Matter of Kayumi, 2019 WL 2949916, *13, 2019 NY Tax LEXIS 207, *35 [NY St Div of Tax Appeals DTA No. 825953, June 27, 2019]; cf. Matter of Stein, 2019 WL 2117156, 2019 NY Tax LEXIS 195, *23 [NY St Div of Tax Appeals DTA No. 828494, May 2, 2019]).
Contrary to the majority's position, declining to expand "statutory notices" to include viewing one's past-due tax liabilities on the Department's website does not vitiate the purpose of Tax Law § 2000 or the relevant implementing regulations.[FN8] Indeed, as 20 NYCRR 3000.0 makes clear, the Tribunal's regulations "are intended to provide the public with a clear, uniform, rapid, inexpensive and just system of resolving controversies with the Division" (20 NYCRR 3000.0 [a] [emphasis added]). The jurisdiction of the Division, pursuant to Tax Law § 2000, is limited to controversies which, as relevant here, are "protesting a notice issued by the [C]ommissioner . . . of a determination of a tax due [or] a tax deficiency," which is not at issue here. To read the regulations to extend the Division's jurisdiction to the controversy at issue is in direct contradiction to those statutes and regulations that create and preserve the Division's limited jurisdiction (see e.g. Tax Law §§ 2000, 2006 [4]; 2008 [1]; 20 NYCRR 3000.0, 3000.1 [a], [c], [d], [k]). Furthermore, a holding that the Division does not have jurisdiction over petitioner's controversy does not deprive petitioner of due process, but rather, because this type of controversy specific to the collection and application of payments does not fall within the Division's purview (20 NYCRR 3000.1 [d]), petitioner must seek its relief elsewhere within the Department. As such, I would find that the Tribunal's dismissal of the petition on jurisdictional grounds is not "arbitrary, capricious or irrational" (Matter of Winners Garage, Inc. v Tax Appeals Trib. of the State of N.Y., 89 AD3d 1166, 1168 [3d Dept 2011], lv denied 18 NY3d 807 [2012]; see CPLR 7803 [3]).
ADJUDGED that the determination is annulled, without costs, petition granted [*6]and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: After oral argument, this Court requested supplemental briefing, which it received. Additionally, the parties advised that they were engaged in settlement discussions and requested several extensions. Ultimately, however, those discussions did not resolve the issues presented on the appeal.

Footnote 2: The Commissioner also "[h]a[s] authority to compromise civil liability . . . where such liability arises under a tax or other imposition which is administered by the [C]ommissioner, at any time prior to the time the tax, other imposition or administrative action becomes finally and irrevocably fixed and no longer subject to administrative review" (Tax Law § 171 [18-a]). Similarly, when such compromise has been accepted, "the matter may not be reopened except upon a showing of fraud, malfeasance or misrepresentation of a material fact" (Tax Law § 171 [18-a]).

Footnote 3: Generally speaking, a debtor has the right to specify whether partial payments made toward a debt shall be applied to principal or interest owed but, if it fails to exercise that right, then the decision passes to the creditor (see Concourse Rehabilitation & Nursing Ctr., Inc. v Novello, 80 AD3d 507, 509 [1st Dept 2011], lv denied 17 NY3d 717 [2011], cert denied 566 US 923 [2012]).

Footnote 4: I also agree with the majority's determination that petitioner received the Division of Tax Appeals' notice of intent to dismiss the petition.

Footnote 5: Indeed, petitioner had the opportunity to contest the tax deficiency, and the interest, but instead signed the agreement expressly waiving its right to a Notice of Determination from which it could request a hearing with the Division.
Footnote 6: My quarrel is not that petitioner viewed its account electronically, it is that the document it reviewed is not one that confers jurisdiction to the Division. Indeed, Tax Law § 35 specifically provides for electronic delivery of statutory notices in certain circumstances. My holding would be the same if petitioner had received, and was challenging, a paper copy of the same document it reviewed online because the document would still not be one that confers jurisdiction to the Division.
Footnote 7: Attached to the petition were multiple documents, including a one-page, undated, unnamed document showing the tax and interest assessed for certain tax periods.

Footnote 8: In fact the opposite is true. A petition requesting a hearing in response to a statutory notice in which the Department determines taxes are due by the taxpayer must be brought within 90 days of receiving the notice (see Tax Law § 2006 [4]; 20 NYCRR 3000.3 [c]). If the voluntary viewing by a taxpayer were a triggering event, the 90-day period would self-renew under the control of the taxpayer and vitiate this limitation period.