▇▇ In the Matter of LIVINGSTON COUNTY SUPPORT COLLECTION UNIT, on Behalf of LORI FARLEY, Appellant, v KEITH CHICHESTER, Respondent. [778 NYS2d 647]—

Appeal from an order of the Family Court, Livingston County (Ronald A. Cicoria, J.), entered January 2, 2003. The order denied the objections of petitioner to the order of the Hearing Examiner dismissing the petition seeking reimbursement for the cost of health care premiums paid by petitioner for respondent's two children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We conclude that Family Court properly denied the objections of petitioner to the Hearing Examiner's order dismissing the petition seeking reimbursement for the cost of health care premiums paid by petitioner for respondent's two children, but our reasoning differs from that of the court. It is undisputed that petitioner paid health care premiums for respondent's children for two months. It is also undisputed, however, that respondent provided health care insurance for the two children through his employer during that same time period and that he had no knowledge that petitioner was paying for the unnecessary coverage. In denying petitioner's objections to the Hearing Examiner's order, the court relied on the doctrine of equitable estoppel. That was error, inasmuch as respondent did not establish the elements necessary for estoppel to apply (*see Matter of Rashbaum v Tax Appeals Trib. of State of N.Y.*, 229 AD2d 723, 725 [1996]). Nevertheless, Family Ct Act § 415 expressly provides that the court may "[i]n its discretion" require reimbursement, and we conclude under the circumstances of this case that the court did not abuse its discretion in refusing to require respondent to reimburse petitioner for the health care premiums at issue. Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.