In the Matter of WEST MOUNTAIN CORPORATION, Respondent, v STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE et al., Appellants. — Appeal, by permission from an order of the Supreme Court at Special Term (Torraca, J.), entered April 12, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition.

The issue presented on this appeal is whether the instant CPLR article 78 proceeding instituted on November 18, 1983, more than four months after the determination of the State Tax Commission sought to be reviewed became final, is time barred by the provisions of CPLR 217. We conclude that this proceeding was not timely commenced. The order of Special Term should therefore be reversed and the petition dismissed.

On November 12, 1981, respondent State Department of Taxation and Finance served on petitioner, a ski resort operator, a statement of proposed audit adjustment. The statement indicated that petitioner's sales and use tax return was deficient as it failed to include the purchase, maintenance and use of certain snowmaking machinery. Petitioner made a timely protest by letter dated December 9, 1981. On December 20, 1981, the State Tax Commission issued a notice of final determination to petitioner informing it that $20,348.65 in sales and use taxes was owing in regard to the snowmaking machinery and that it could

challenge the assessment by filing a petition for a hearing within 90 days. This was never done. However, on March 7, 1983, petitioner requested a courtesy conference concerning the December 20, 1981 assessment. This request was denied.

On November 18, 1983, approximately 23 months after the notice of final determination was issued, petitioner commenced the instant CPLR article 78 proceeding seeking a sales tax exemption under section 1115 (subd [a], par [12]) of the Tax Law with regard to petitioner's purchase, maintenance and use of the snowmaking machinery. Respondents moved to dismiss the petition on the grounds that (1) petitioner failed to exhaust its administrative remedies, (2) the court lacked subject matter jurisdiction, (3) the petition was untimely since it violated the applicable Statute of Limitations, and (4) petitioner failed to prepay the tax or file an undertaking with the Tax Commission as required under section 1138 (subd [a], par [4]) of the Tax Law.

Special Term denied the motion to dismiss the petition, holding that the statute imposing the tax was inapplicable to petitioner's activities and that petitioner was not required to exhaust its administrative remedies before seeking CPLR article 78 review. Special Term did not address the issues of the timeliness of the commencement of this proceeding or the failure of petitioner to prepay the tax or file an undertaking. This appeal by respondents followed.

In regard to the timeliness issue, petitioner argues that the cases holding that administrative remedies need not be exhausted in circumstances such as here are authority for its view that the totality of section 1138 of the Tax Law is not binding on petitioner. In particular, petitioner asserts that the Tax Commission's notice of determination dated December 20, 1981 was not final and that the four-month limitation period (CPLR 217) pertaining to the commencement of a CPLR article 78 proceeding does not apply. These arguments are without merit.

Section 1138 (subd [a], par [1]) of the Tax Law clearly provides that the Tax Commission's determination is final unless the taxpayer applies for a hearing. No such hearing was requested and the fact that petitioner protested the department's statement of the proposed adjustment dated November 12, 1981 cannot serve to supplant the statutory requirement (Tax Law, § 1138, subd [a], par [1]) that a hearing be requested within 90 days of the Tax Commission's notice of determination.

Petitioner's alternative argument that its article 78 proceeding was timely commenced since it was instituted within four months of the rejection of petitioner's request for a courtesy conference is likewise without merit. It is well recognized that

correspondence following a final determination of an agency is to be considered as an application for the reconsideration of that determination and does not in and of itself extend the four-month statutory period in which review of the final determination must be sought (*Trivedi v State Bd. of Law Examiners,* 86 AD2d 719, 720; *Matter of Seidner v Town of Colonie,* 79 AD2d 751, 752, affd 55 NY2d 613; *Matter of Fiore v Board of Educ. Retirement System,* 48 AD2d 850, affd 39 NY2d 1016).

This proceeding, commenced some 23 months after the notice of determination was issued, is time barred. Thus, Special Term erred in denying respondents' motion to dismiss the petition as untimely. It is unnecessary to consider the other issues raised on this appeal in view of this disposition.

Order reversed, on the law, with costs, respondents' motion granted, and petition dismissed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.