■ In the Matter of JESSE HALPERIN, Appellant, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the

State of New York, Respondents.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered January 2, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 to, *inter alia,* vacate a warrant docketed against petitioner, and (2) from an order of said court, entered May 8, 1987 in Albany County, which denied petitioner's motion for renewal.

Petitioner is and was at all relevant times the president of Lou Halperin's Stations, Inc. (hereinafter the corporation), the owner and operator of a chain of gas stations on Long Island. His cousin, James Halperin, an attorney, was the secretary of the corporation. Following an audit, the Department of Taxation and Finance (hereinafter the Department) determined that the corporation owed additional sales taxes of over $3 million. A notice of determination and demand for payment of that amount plus interest and penalties was mailed to the corporation on November 27, 1984. At the same time, notices were sent to and received by petitioner and James Halperin stating: "You are personally liable as officer of [the corporation] under Sections 1131 (1) and 1133 of the Tax Law for the following taxes determined to be due in accordance with Section 1138 (a) of the Tax Law." All of the notices advised in boldface type that the taxes assessed therein were determined under Tax Law § 1138 and could be challenged by the filing of a petition within 90 days. The corporation timely filed a petition with the State Tax Commission (hereinafter the Commission). No petition, however, was filed by petitioner or James Halperin.

In June 1985, following a discussion between the corporation's accountant and a staff person of the Department, petitioner was advised by his then attorneys (who also represented the corporation and James Halperin), that he was being personally assessed for the corporation's liability. Shortly thereafter, the attorneys formally requested that the Department not enforce collection against petitioner and James Halperin until a final determination of the corporation's liability. At the same time, the attorneys asked for a "courtesy" hearing on behalf of James Halperin, asserting that he was not at all actively involved in the affairs of the corporation and should, therefore, not be held personally liable. Petitioner later submitted an affidavit in support of James Halperin's position. In December 1985, a warrant was filed against petitioner in the Nassau County Clerk's office for the liability herein, including additionally accrued penalties and interest.

Subsequently, petitioner retained his present attorneys who filed an application with the Commission in March 1986 requesting that the Commission accept petitioner's late petition for a redetermination of the November 1984 assessment and that it be treated as timely filed or, in the alternative, that the corporation's timely petition for redetermination be amended to include him as a party. The only excuse for petitioner's tardiness contained in the application was his claimed misimpression that the notice he received was merely a duplicate of the corporation's notice, which he had referred to his attorneys for prompt and appropriate action. The Commission denied the request. Petitioner then brought this CPLR article 78 proceeding to annul the Commission's determination and to compel the Commission to accept his administrative petition, vacate the tax warrant previously filed and to grant him a hearing on the issue of his personal liability. After Supreme Court granted dismissal of the petition on the merits, petitioner moved to vacate or renew on the ground that he had newly discovered the Commission's subsequent redetermination absolving James Halperin of personal liability. Supreme Court denied petitioner's motion. These appeals ensued.

There should be an affirmance. The statutory requirement that a petition for administrative redetermination of petitioner's personal liability be filed within 90 days is absolute and, in the absence of such timely application, the original determination "shall finally and irrevocably fix the tax" (Tax Law § 1138 [a] [1]; see, Tax Law § 1138 [a] [3] [B], eff Apr. 17, 1985; *Matter of West Mountain Corp. v State of New York Dept. of Taxation & Fin.*, 105 AD2d 989, 990, *affd* 64 NY2d 991). Although the statute also provides that the Commission may make a determination on "its own motion" (Tax Law § 1138 [a] [3] [B]), the Commission's action is a matter of grace *(Matter of Corbisiero v New York State Tax Commn.*, 82 AD2d 990, *affd* 56 NY2d 680). It is, therefore, at most reviewable only as a question of an abuse of discretion *(see, Matter of Schwartz [Creative Tutoring—Roberts]*, 91 AD2d 778).

We find no abuse of the Commission's discretion here in denying petitioner relief from his failure to timely commence administrative review. The notice he admitted receiving clearly and unmistakably informed him that the assessment was against him personally and of the 90-day period of limitations within which to seek a redetermination. He delayed an additional eight months after even he admitted that he was actually aware of his personal jeopardy for the tax. His excuse

amounted to nothing but inadvertence. Most significantly, he offered nothing to the Commission to show that, at a hearing, he could establish facts to excuse him from personal liability for the unpaid taxes of the corporation of which he was president and, by his own averments in his affidavit in support of the application for relief of James Halperin, "sole stockholder * * * chief executive, operating and financial officer" (see, Matter of Massa v New York State Tax Commn., 102 AD2d 968, 969; Gage v State Tax Commn., 73 AD2d 635, 636-637). It was also a proper exercise of the Commission's discretion to have refused to permit an amendment to the corporation's petition to add petitioner as a party, since this was nothing more than a procedural device to overcome the effect of petitioner's tardiness. We find petitioner's due process and estoppel arguments equally unavailing.

Supreme Court was also correct in denying petitioner's motion to vacate or renew. Apart from the dubious question as to whether the Commission's redetermination relieving James Halperin of personal liability was in fact newly discovered subsequent to the judgment of dismissal, Supreme Court quite properly concluded that, even as new material, it would not have affected the result. Petitioner's affidavit in support of James Halperin's application alone provided a rational basis for treating James Halperin differently.

Judgment and order affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur. [See, Matter of Halperin v Chu, 134 Misc 2d 105.]