■ In the Matter of Crescenzio Diaz, Petitioner, v Tax Appeals Tribunal of the State of New York et al., Respondents. [663 NYS2d 684] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In 1987, the State Department of Taxation and Finance

began a field audit of the sales tax returns of East 170th Food Corporation, an entity owned by petitioner's wife that operated a grocery store in New York City. During the course of the audit the Department obtained several consents extending the period of limitations for the assessment of sales taxes that were purportedly signed by petitioner, the store's manager. The last consent, dated December 18, 1989, extended the limitations period to June 20, 1990; however, prior to the execution of this document, the store had been sold in June 1988 to a third party and petitioner had severed his connection with the business. In any event, on May 15, 1990, the Department issued three notices of determinations and demand for payment of sales and use taxes due to petitioner seeking payment of $141,860 for sales taxes, penalties and interest accruing between September 1, 1984 and August 31, 1988. Because the notices were mailed to petitioner's former address, they were returned to the Department. Thereafter, on August 14, 1990, the notices, dated May 15, 1990, were mailed to petitioner's proper address. Nothing transpired in this matter until March 30, 1993 when the Department issued a warrant against petitioner for taxes due. This prompted petitioner, on June 10, 1993, to request a conciliation conference. The request was denied on the ground that it was not timely.

Petitioner then petitioned for administrative relief, claiming that he was not required to seek a hearing within 90 days of the issuance of the notices of determination since they were barred by the Statute of Limitations as they were issued after June 20, 1990. Tax Law § 1138 (a) (former [1]) provided that a notice of determination became final and binding unless, within 90 days after giving the notice, the taxpayer applied to the Division of Tax Appeals for a hearing, and Tax Law § 170 (3-a) (a) gives taxpayers the right to request a conciliation conference provided the right to request a hearing has not elapsed. In light of this the Administrative Law Judge and respondent Tax Appeals Tribunal determined, *inter alia*, that because petitioner's request for a conference was untimely the notices became final, thereby depriving the Tribunal of jurisdiction to address petitioner's claim. Accordingly, his petition was dismissed and this CPLR article 78 proceeding ensued.

In this proceeding, petitioner has recast his argument to fit within the doctrine of equitable estoppel. He points out that the notices, dated May 15, 1990 but mailed on August 14, 1990, advised him that they were final unless he applied for a hearing "within 90 days from the date of this notice". He claims that, by mailing notices that were backdated by more than 90

days, the Department misled him into believing that the period for filing an application for a hearing had already expired so that a request for a hearing would be either useless or unnecessary. To rectify the alleged inequity he now suffers from, as the result of not filing a timely request, petitioner urges us to apply the doctrine of equitable estoppel.

Absent unusual circumstances that would support a finding of "manifest injustice", the doctrine is not applied in matters involving the collection of taxes (see, Matter of AGL Welding Supply Co. v Commissioner of Taxation & Fin., 238 AD2d 734, 736, lv denied 90 NY2d 808; Matter of Rashbaum v Tax Appeals Tribunal, 229 AD2d 723, 725; Matter of Walsh v Tax Appeals Tribunal, 196 AD2d 367, 370). The record does not support a finding of "manifest injustice" as it does not indisputably establish that petitioner is not responsible for the payment of the subject taxes. Moreover, there is no evidentiary support for his claim that he was misled by the inaccurate notices.* In fact, petitioner stated that he did not protest the audit because he thought that the purchaser of the store was supposed to assume responsibility for it.

We shall not consider petitioner's contention that the Department did not establish proper mailing of the notices since this issue was not raised in the administrative forum (see, Matter of Mera v Tax Appeals Tribunal, 204 AD2d 818, 821).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

* Tax Law § 1147 (a) (1) provides that the period of time for giving notice "shall commence to run from the date of mailing" of a notice of determination.