■ In the Matter of SUBURBAN RESTORATION COMPANY, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [750 NYS2d 359] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of withholding tax pursuant to Tax Law article 22.

In March 1993, the New York City Health and Hospitals Corporation (hereinafter HHC) informed the State Department of Taxation and Finance (hereinafter Department) that petitioner, a New Jersey-based HHC contractor, had listed four New Jersey residents on HHC payroll reports who had not been reported on petitioner's New York withholding tax returns for the fourth quarter of 1991 and first quarter of 1992. The Department subsequently notified petitioner that its 1990, 1991 and 1992 withholding tax returns had been selected for audit, but petitioner refused to cooperate. After petitioner refused to supply payroll and other records, the Department estimated petitioner's withholding tax deficiency based on the wage and subcontractor cost data reported on petitioner's state and federal corporate tax returns.

The Department first determined petitioner's 1990 withholding tax deficiency, but, at a 1995 hearing on petitioner's challenge to that determination, the Department agreed to consider cancelled checks documenting petitioner's 1990 expenses in recalculating petitioner's withholding tax liability for that year.

At essentially the same time, the Department issued 10 notices of deficiency to petitioner for the 1991 and 1992 tax years, including interest and negligence penalties, based on its determination that petitioner had failed to withhold New York State and New York City income taxes for four New Jersey residents who had been working in New York City. Petitioner protested these assessments and, after conciliation proved unsuccessful, petitioned for redetermination of the 1991 and 1992 deficiencies. During the hearing on this petition, petitioner's only witness, its bookkeeper, maintained that the four employees at issue had worked only in New Jersey and, thus, were not subject to New York withholding tax. However, the bookkeeper testified that she had destroyed the only payroll records that would have documented the work sites of these four employees in the belief that such records were unnecessary since petitioner had been unaware that four specific employees were at issue and the 1990 deficiency had been resolved using only cancelled checks. The Administrative Law Judge sustained the Department's deficiency determinations, and respondent Tax Appeals Tribunal denied petitioner's exception to that finding. Petitioner then commenced this CPLR article 78 proceeding to challenge the Tribunal's determination.

In cases such as this, a petitioner bears the burden of proving, by clear and convincing evidence, that a deficiency assessment was erroneous (*see* Tax Law § 689 [e]; *Matter of Levin v Gallman*, 42 NY2d 32, 34; *Matter of Hoffmann v Commissioner of Taxation & Fin. of State of N.Y.*, 228 AD2d 732, 734). Here, petitioner failed to put forth any documentary evidence undermining the Department's determination. Instead, petitioner offered the unsubstantiated testimony of its bookkeeper in support of its position that the four employees for whom deficiencies were assessed did not work in New York at the relevant times. The Administrative Law Judge specifically found the bookkeeper's testimony incredible and the Tribunal relied upon this evaluation of the witness. Given that credibility questions are properly for the taxing authority to resolve, we see no reason to disturb this determination (*see Matter of Brahms v Tax Appeals Trib.*, 256 AD2d 822, 825; *Matter of Bombart v Tax Commn. of State of N.Y.*, 132 AD2d 745, 746-747). In the absence of credible evidence to support its position, petitioner's challenge to the deficiency determinations must fail.

Petitioner also contends that the Department should be estopped from assessing deficiencies for 1991 and 1992 because the Department concealed the basis for the deficiency assess-

ments, namely HHC's 1993 letter to the Department, and because petitioner destroyed key records in reliance on the Department's acceptance of other records in resolving the 1990 deficiency. However, absent a finding of "manifest injustice," the doctrine of estoppel does not apply in taxation cases (*see e.g. Matter of Diaz v Tax Appeals Trib. of State of N.Y.*, 243 AD2d 995, 997; *Matter of Moog, Inc. v Tully*, 105 AD2d 982, 983). We see no "manifest injustice" here. Petitioner had the opportunity to supply the now-destroyed records to the Department, but instead consistently refused the Department's repeated requests for records supporting its 1991 and 1992 withholding tax returns. We also concur with the imposition of negligence penalties in this case (*see* Tax Law § 685 [b]) because petitioner failed to show reasonable cause for failing to make the required withholding tax payments (*see Matter of Bachman v State Tax Commn.*, 89 AD2d 679, 680).

Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.