In the Matter of WINNERS GARAGE, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of WINNERS GARAGE, INC., et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. (Proceeding No. 2.) [931 NYS2d 794]—

Peters, J.P.

Petitioner Lev Wolkowicki is the manager of petitioner Winners Garage, Inc., a New York corporation that leases taxicabs to drivers in the City of New York. In October 2007, the Department of Taxation and Finance audited Winners Garage and determined that it had failed to pay sales and use taxes in the amount of $211,907.10 from December 1, 2004 to August 31, 2007.[1] After the parties had twice consented to the extension of the limitations period for action by the Department on the audit, the Department sent a Statement of Proposed Audit Change to Winners Garage in January 2009. In response to this statement,

---

1. The audit also determined that Winners Garage owed interest and penalties in the amount of $180,802.36.

Wolkowicki, on behalf of Winners Garage, disagreed with the audit and requested a conciliation conference. Jose Rances, the auditor who audited Winners Garage, subsequently sent a conciliation conference request form to Wolkowicki to fill out and return on behalf of Winners Garage. Petitioners never returned this form.

In February 2009, before the limitations period for the Department to act was set to expire,[2] the Department issued notices of determination to Winners Garage and Wolkowicki for the sales and use tax deficiencies. Both notices set forth that Winners Garage and Wolkowicki had 90 days to challenge the notice by filing a request for a conciliation conference or a petition for a Division of Tax Appeals hearing. Neither Winners Garage nor Wolkowicki made any contact with the Department until June 2009, after the 90-day period to challenge the notices had expired. At that time, they attempted to renew Winners Garage's sales tax certificate of authority.[3] Due to the sales and use taxes owed by Winners Garage and Wolkowicki, the Department denied such renewal.

Thereafter, in October 2009, Winners Garage and Wolkowicki filed petitions seeking a redetermination of the sales and use tax deficiencies, and Winners Garage filed a petition to review the Department's proposed refusal to renew its certificate of authority. The Administrative Law Judge (hereinafter ALJ), in separate determinations, dismissed petitioners' applications for redetermination as untimely and denied Winners Garage's petition for a review of the denial of its renewal request due to its failure to timely challenge the sales and use tax deficiencies determined by the Department. Upon the filing of exceptions by petitioners, respondent Tax Appeals Tribunal issued separate decisions upholding the ALJ's determinations. Petitioners then commenced these CPLR article 78 proceedings to challenge the determinations of the tribunal.

"The deadline to request a conciliation conference or petition for redetermination of a notice of determination assessing sales and use taxes is 90 days from the mailing of the notice of determination" (*Matter of Moore v Commissioner of Taxation & Fin.*, 4 AD3d 682, 683 [2004], *lv denied* 3 NY3d 603 [2004]; *see* Tax Law § 1138 [a] [1], [3] [B]). This 90-day period is "absolute" (*Matter of Halperin v Chu*, 138 AD2d 915, 917 [1988], *lv*

---

2. Pursuant to the most recent consent to the extension of the limitations period executed by Wolkowicki, the limitations period was set to expire on March 20, 2009.

3. In the interim, the Department had sent notices of demand of payment of tax due to Winners Garage and Wolkowicki.

*dismissed and denied* 72 NY2d 938 [1988]), and if a petitioner does not request a conciliation conference or petition for redetermination within that time, the amount set forth in the notice "shall be an assessment of the amount of tax [owed]" (Tax Law § 1138 [a] [1]; *see* § 1138 [a] [3] [B]; *Matter of Mareno v State of N.Y. Tax Commn.*, 144 AD2d 114, 115 [1988]; *Matter of Halperin v Chu*, 138 AD2d at 917).

Here, the parties do not dispute that the notices of determination were mailed to Winners Garage and Wolkowicki on February 19, 2009 and February 20, 2009, respectively, and that petitioners received the notices. These notices clearly and repeatedly stated that, if petitioners disagreed with the amounts assessed, they had 90 days to either "file[ ] a Request for Conciliation Conference or a Petition for a Division of Tax Appeals hearing." Petitioners, however, did not file petitions seeking review by the Division of Tax Appeals of the Department's determinations until October 2009, almost five months after the 90-day period had expired. Although Wolkowicki had previously protested the proposed audit issued by the Department and requested a conciliation conference, a protest to a proposed statement of audit before the notice of determination is issued is insufficient to meet the statutory requirements (*see Matter of West Mtn. Corp. v State of New York Dept. of Taxation & Fin.*, 105 AD2d 989, 990 [1984], *affd* 64 NY2d 991 [1985]). Even if this protest had occurred after the notices of determination were issued, petitioners never filed a request for conciliation conference form as explicitly required by the notices of determination. Therefore, as petitioners failed to request a conciliation conference or petition for redetermination within 90 days of the issuance of the notices of determination, the tribunal's dismissal of their belated petitions to review those determinations was not arbitrary, capricious or irrational (*see Matter of Voelker v State of N.Y. Commr. of Taxation & Fin.*, 50 AD3d 1187, 1188 [2008]; *Matter of Halperin v Chu*, 138 AD2d at 917; *Matter of West Mtn. Corp. v State of New York Dept. of Taxation & Fin.*, 105 AD2d at 989-990). Furthermore, given the tax liability imposed by those determinations which remained unpaid by petitioners, we discern no error in the denial of the petition to review the Department's refusal to renew Winners Garage's certificate of authority (*see* Tax Law § 1134 [a] [4] [B]).

Petitioners also contend that, inasmuch as the Department engaged in a series of confusing and inconsistent actions that led to their untimely filings, the Department should have been estopped from raising the statute of limitations as a defense. It is firmly established that, absent unusual circumstances sup-

porting "a finding of 'manifest injustice,' the doctrine of estoppel does not apply in taxation cases" (*Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y.*, 299 AD2d 751, 753 [2002]; *see Matter of Diaz v Tax Appeals Trib. of State of N.Y.*, 243 AD2d 995, 997 [1997]; *Matter of AGL Welding Supply Co. v Commissioner of Taxation & Fin.*, 238 AD2d 734, 736 [1997], *lv denied* 90 NY2d 808 [1997]; *Matter of Moog, Inc. v Tully*, 105 AD2d 982, 983 [1984]). "Additionally, in order to impose an estoppel upon a party, three elements must be established: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts" (*Matter of Rashbaum v Tax Appeals Trib. of State of N.Y.*, 229 AD2d 723, 725 [1996] [internal quotation marks and citations omitted]).

Petitioners maintain that, having requested a conciliation conference in response to the Department's Statement of Proposed Audit Change, they reasonably believed that they had already complied with the requirements to challenge the notices of determination. However, the record fails to reveal any promises or actions on the part of the Department or its employees that would lead petitioners to believe that this request would comply with such requirements. To the contrary, Rances responded to petitioners' request by sending them a "Request for Conciliation Conference" form and advising them to complete and return it in order for a conciliation conference to be scheduled. Thus, he clearly indicated that petitioners' informal request for such a conference was not sufficient. Although, as the ALJ noted, it is "somewhat disconcerting" that Rances sent this form to petitioners given that a timely request for a conciliation conference cannot be made prior to a notice of determination, "it is well established that erroneous advice given by an employee of a governmental agency is not considered to rise to the level of an unusual circumstance" warranting invocation of the doctrine of estoppel (*Matter of Walsh v Tax Appeals Trib. of State of N.Y.*, 196 AD2d 367, 370-371 [1994] [internal quotation marks and citation omitted]). In any event, petitioners never filed the Request for Conciliation form and, therefore, did not rely to their detriment on any misinformation or misdirection on the part of Rances. Furthermore, no confusion could have existed when petitioners received the notices of determination that clearly and unambiguously stated that they had 90 days from the date of the notices to challenge the

Department's determination,[4] that any challenge must be made by filing a request for conciliation conference or a petition for a hearing, and that, if the Department did not receive a response within the 90-day period, "[t]his Notice will become an assessment subject to collection action."

Petitioners' additional claim that they were under the impression that the Department would hold the proceedings for the present audit in abeyance until the conclusion of the proceedings involving an audit of an earlier period is belied by the record. Although petitioners were in fact advised by letter that the Department was willing to hold the present audit in abeyance, they failed to execute and return the enclosed consent forms that would have extended the limitations period for action by the Department on the audit. Moreover, any such impression should have been dispelled upon receiving the notices of determination which, as previously noted, clearly informed petitioners of the procedure to be followed to challenge the assessments. On this record, we find no manifest injustice resulting to petitioners and, therefore, no basis for the invocation of the doctrine of estoppel.

Petitioners' remaining contentions, including their assertion that the Tribunal failed to adhere to its prior precedent, have been fully reviewed and found to be without merit.

Spain, Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.

---

4. Indeed, the respective notices even listed, in boldface, the deadline for filing a petition for a hearing or request for a conciliation conference, which was May 20, 2009 with respect to the notice issued to Winners Garage and May 21, 2009 with respect to the notice issued to Wolkowicki.