Garry, J.
In July 2006, petitioner contracted with Michael Gatas to *1125 purchase a sandwich shop in the City of Buffalo, Erie County. Following the closing of the sale, a bulk sales notice was belatedly filed with the Department of Taxation and Finance. The Department responded with a notice of claim and correspondence requesting the date of sale, identifying the seller as Worldwide Trading, Inc., informing petitioner that all of Worldwide’s open tax liabilities could be transferred to him as a bulk sale purchaser, and advising that Worldwide’s sales tax file showed open liabilities. At the time of this notice, the Department was conducting an audit of Gatas’ records pertaining to Worldwide’s sales taxes.[1] This audit ultimately revealed that Worldwide’s outstanding tax liability for the store that petitioner had purchased was significantly higher than first advised, and that Worldwide was also liable for unpaid taxes for a second store. The Department notified petitioner of these determinations in May 2007 and advised that he was liable for both outstanding amounts (see 20 NYCRR 537.4 [j]). Petitioner sought a redetermination from the Division of Tax Appeals, arguing that he was not responsible for Worldwide’s liabilities as he had contracted with Gatas, and contending that the Department should be estopped from seeking more than the sum it had initially advised him was outstanding. Following a hearing, an Administrative Law Judge rejected these contentions, sustained the assessment and modified the amount of the outstanding tax liability.[2] Following a hearing upon petitioner’s exceptions, respondent Tax Appeals Tribunal sustained the modified assessment. Petitioner then commenced this CPLR article 78 proceeding.
Our review is limited to whether the Tribunal’s determination is rationally based and supported by substantial evidence (see Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 85 AD3d 1341, 1342 [2011], lv granted 17 NY3d 714 [2011]; Matter of Galileo Intl. Partnership v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y., 31 AD3d 1072, 1074 [2006], lv denied 7 NY3d 715 [2006]). We conclude that it is. Tax Law § 1141 (c) requires a purchaser to notify the Tax Commission of a proposed bulk sale at least 10 days before tendering payment or taking possession, and failure to provide this notice renders the purchaser personally liable for the seller’s unpaid tax liabilities (see Matter of North Shore Cadillac- *1126 Oldsmobile, Inc. v Tax Appeals Trib. of State of N.Y., 13 AD3d 994, 996 [2004], lv denied 5 NY3d 704 [2005]; Arthur Treacher’s Fish & Chips v New York State Tax Commn., 69 AD2d 550, 552 [1979]). Petitioner concedes that he did not comply with this statutory requirement. Notably, after receiving the belated notice of the transaction, the Department promptly informed petitioner of the seller’s identity, warned him not to distribute funds or property until Worldwide’s tax liability was determined, and recommended placement of the full purchase price in escrow. Although petitioner now contends that it is unjust to hold him responsible for Worldwide’s liabilities, it thus appears that if he had provided the requisite notice prior to the sale, he would have learned the seller’s true identity in ample time to protect his interests (see Matter of Acres Stor. Co. v Chu, 120 AD2d 854, 856 [1986], appeal dismissed 68 NY2d 807 [1986]).
As to petitioner’s contention that the Department should be estopped from imposing Worldwide’s full tax liability upon him due to its initial failure to advise him of this amount, we note that the doctrine of estoppel does not apply in tax cases unless “unusual circumstances support[ ] a finding of manifest injustice” (Matter of Winners Garage, Inc. v Tax Appeals Trib. of the State of N.Y., 89 AD3d 1166, 1168-1169 [2011], lv denied 18 NY3d 807 [2012] [internal quotation marks and citations omitted]; see Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y., 299 AD2d 751, 753 [2002]; Matter of Diaz v Tax Appeals Trib. of State of N.Y., 243 AD2d 995, 997 [1997]). No such unusual circumstances have been revealed, nor have the elements of estoppel been shown (see Matter of Rashbaum v Tax Appeals Trib. of State of N.Y., 229 AD2d 723, 725 [1996]). Regardless of any representations made by third parties, there is no indication that the Department engaged in misrepresentation or concealment. The Department did not know Worldwide’s full tax liability when it initially contacted petitioner, but did clearly advise petitioner to hold his payments until the final amount was determined. Further, petitioner has not shown detrimental reliance upon representations by the Department, as the transaction had been fully consummated and he had already set limited funds aside in escrow for potential tax liabilities before receiving the Department’s initial correspondence (see Matter of Winners Garage, Inc. v Tax Appeals Trib. of the State of N.Y., 89 AD3d at 1169; see also Matter of Walls v Levin, 150 AD2d 873, 874 [1989]). Accordingly, the Tribunal properly determined that the doctrine of estoppel did not apply.
Lahtinen, J.E, Malone Jr., Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

. Gatas is apparently a corporate principal of Worldwide.

. A separate notice had been issued to Gatas; following a conciliation conference, Gatas consented to a reduction of the tax liability and thereafter made a partial payment that inured to petitioner’s benefit, but an unpaid balance remained.