*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:     November 5, 2015                518257
_____

In the Matter of KEVIN J. RYAN,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
TAX APPEALS TRIBUNAL OF THE
    STATE OF NEW YORK et al.,
                    Respondents.
_____

Calendar Date:   September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

—————————

        Kevin J. Ryan, Northport, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Arnold of counsel), for Commissioner of Taxation and Finance,
respondent.

—————————

Clark, J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Tax Law § 2016) to review a determination of
respondent Tax Appeals Tribunal denying petitioner's request for
a conciliation conference as untimely.

        In May 2011, petitioner pleaded guilty to violating Tax Law
§ 1801, stemming from his admitted failure to pay income taxes
for tax years 2002 to 2007.  Pursuant to the plea agreement,
petitioner paid $65,251 in restitution and was sentenced to a
one-year conditional discharge.  In June 2011, the Department of
Taxation and Finance notified petitioner that he owed additional
funds related to his failure to pay his taxes.  On October 19,
2011, the Department mailed petitioner a notice of deficiency

stating that the additional liability consisted of a fraud penalty against him in the amount of $39,096.58. On November 22, 2011, petitioner mailed a request for a conciliation conference regarding the notice. The request was denied for failure to file it within 30 days of the mailing of the notice. Petitioner subsequently filed a petition with the Division of Tax Appeals, challenging the denial of his conference request and seeking a redetermination of the amount owed. Respondent Tax Appeals Tribunal ultimately granted the Division summary determination, holding that petitioner's request for a conciliation conference was untimely filed. This CPLR article 78 proceeding ensued.

We confirm. Pursuant to Tax Law § 170 (3-a) (h), a person seeking a conciliation conference regarding the imposition of a fraud penalty must request a conference within 30 days of the mailing of the notice. Petitioner does not dispute that his request for a conciliation conference was not filed within the statutory time limit. Rather, he argues that the Division should have been estopped from raising the 30-day statute of limitations due to the fact that the June 2011 letter that first advised petitioner of the further liability stated that he had 90 days to request a conciliation conference. Notably, "the doctrine of estoppel does not apply in tax cases unless 'unusual circumstances support a finding of manifest injustice'" (Matter of Salh v Tax Appeals Trib. of the State of N.Y., 99 AD3d 1124, 1126 [2012], lv denied 20 NY3d 863 [2013], quoting Matter of Winners Garage, Inc. v Tax Appeals Trib. of the State of N.Y., 89 AD3d 1166, 1168-1169 [2011], lv denied 18 NY3d 807 [2012]). Further, "'it is well established that erroneous advice given by an employee of a governmental agency is not considered to rise to the level of an unusual circumstance' warranting invocation of the doctrine of estoppel" (Matter of Winners Garage, Inc. v Tax Appeals Trib. of the State of N.Y., 89 AD3d at 1169, quoting Matter of Walsh v Tax Appeals Trib. of N.Y., 196 AD2d 367, 370-371 [1994]). We do not find that the facts here support a finding of manifest injustice. Contrary to petitioner's contention, there could not have been any confusion as to when he was required to file a conciliation conference request for the notice of deficiency, as the notice clearly stated in boldface type that he had until November 18, 2011 to do so (see Matter of Winners Garage, Inc. v Tax Appeals Trib. of the State of N.Y., 89

AD3d at 1169-1170). Accordingly, the Tribunal properly determined that the doctrine of estoppel did not apply.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court