Matter of Gans v New York State Tax Appeals Trib. (2021 NY Slip Op 03089)





Matter of Gans v New York State Tax Appeals Trib.


2021 NY Slip Op 03089


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

530447
[*1]In the Matter of Robert Gans, Petitioner,
v
New York State Tax Appeals Tribunal et al., Respondents.

Calendar Date:March 9, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Kostelanetz & Fink, LLP, New York City (Kevin M. Flynn of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for Commissioner of Taxation and Finance, respondent.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.
Petitioner serves as managing member of The Executive Club LLC, which operates an adult entertainment establishment (hereinafter the club) in Manhattan, and is a person responsible for that entity's payment of taxes. After guests paid an entry fee using either cash or credit card, they were able to view live performances in the main area of the club or utilize the bar or restaurant. To enter the club's private rooms, guests were required to pay a room charge by check, cash or credit card, and a separate performance fee to the entertainer, either by cash or scrip. Scrip is the club's own in-house currency that can be purchased by credit card, with a 20% surcharge imposed, which may then be used as payment of performance fees or gratuities for entertainers or for club employees such as bartenders and hosts. When exchanging the scrip for another form of payment, the club charged the entertainer a 13% redemption fee.
After an audit of the club's sales and use taxes for certain periods from 2010 to 2013, the Department of Taxation and Finance issued notices of determination asserting tax deficiencies against petitioner due to the club's failure to assess taxes on, among other things, the purchase of scrip. Following a hearing on petitioner's challenge to those notices, an Administrative Law Judge (hereinafter ALJ) sustained the notices, finding that the sale of scrip was taxable. Respondent Tax Appeals Tribunal denied petitioner's exceptions and affirmed the ALJ's determination. Petitioner then commenced this CPLR article 78 proceeding challenging the Tribunal's determination.
"[T]ax statutes should be construed to insure the collection of all designated taxes where a supportable theory can be found" (Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y., 83 NY2d 240, 244 [1994], cert denied 513 US 811 [1994]). "[I]n cases where, as here, the issues argued before the Tribunal involved the specific application of broad statutory terms in a proceeding in which the agency administering the statute must determine it initially," this Court "accord[s] deference to the Tribunal's interpretation of the statutes at issue" and "will not disturb the Tribunal's determination if it has a rational basis and is supported by substantial evidence" (Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [2017] [internal quotation marks, ellipsis, brackets and citations omitted]; see Matter of CLM Assoc., LLC v New York State Tax Appeals Trib., 181 AD3d 999, 1001 [2020], lv denied 36 NY3d 904 [2021]; Matter of Prima Asphalt Concrete, Inc. v New York State Tax Appeals Trib., 162 AD3d 1281, 1282 [2018], lv denied 32 NY3d 914 [2019]). Credibility determinations lie within the province [*2]of the administrative factfinder (see Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 85 AD3d 1341, 1345 [2011], affd 19 NY3d 1058 [2012], cert denied 571 US 952 [2013]).
Tax Law § 1105 requires the payment of sales tax on, among other things and with exceptions not relevant here, "[t]he receipts from every retail sale of tangible personal property" (Tax Law § 1105 [a]), "[a]ny admission charge . . . for the use of any place of amusement" (Tax Law § 1105 [f] [1]), and "[t]he amount paid as charges of a roof garden, cabaret or other similar place" (Tax Law § 1105 [f] [3]). As used in that statute, an admission charge is not limited to its common meaning of the price of entry, but is defined as "[t]he amount paid for admission, including any service charge and any charge for entertainment or amusement or for the use of facilities therefor" (Tax Law § 1101 [d] [2]). "Place of amusement" is defined as "[a]ny place where any facilities for entertainment, amusement, or sports are provided" (Tax Law § 1101 [d] [10]). "Roof garden, cabaret or other similar place" is defined as "[a]ny roof garden, cabaret or other similar place which furnishes a public performance for profit," with certain exceptions (Tax Law § 1101 [d] [12]), and "[c]harge of a roof garden, cabaret or other similar place" is defined as "[a]ny charge made for admission, refreshment, service, or merchandise at a roof garden, cabaret or other similar place" (Tax Law § 1101 [d] [4]; see 20 NYCRR 527.12 [b]). Further, "it shall be presumed that all receipts for . . . all amusement charges of any type mentioned in [Tax Law § 1105 (f)] are subject to tax until the contrary is established, and the burden of proving that any . . . amusement charge . . . is not taxable [t]hereunder shall be upon the person required to collect tax" (Tax Law § 1132 [c] [1]; accord Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d at 965).
Although we agree with petitioner that scrip is not tangible personal property, the Tribunal rationally concluded that it also is not intangible personal property similar to gift cards (see Matter of Executive Club LLC, 2017 WL 1656454, *10, 2017 NY Tax LEXIS 63, *26-28 [Tax App Trib., DTA No. 825850, April 19, 2017]).[FN1] This Court has previously found that adult entertainment clubs, such as that operated by petitioner, constitute "a cabaret or other similar place" and, "given that charges of a cabaret or other similar place include service and entertainment charges, the revenue generated from the sale of scrip — which could be used to tip or purchase table dances and/or private dances — is properly taxable under Tax Law § 1105 (f) (3)" (Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d at 969-970 [internal quotation marks, ellipsis and citations omitted]; see Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d 1377, 1380 [2019]; cf. Matter of 1605 Book Ctr. v Tax Appeals Trib. [*3]of State of N.Y., 83 NY2d at 244-245; Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 85 AD3d at 1346). Similarly, "[w]e find no basis to disturb the Tribunal's determination that the club's receipts from the sale of scrip are taxable as admission charges to a place of amusement" (Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d at 965). Considering our prior holdings, and the statutory presumption that the sale of scrip was taxable (see Tax Law § 1132 [c] [1]), we conclude that petitioner failed to meet his "burden of proving the contrary by clear and convincing evidence" (Matter of CLM Assoc., LLC v New York State Tax Appeals Trib., 181 AD3d at 1000; cf. Metro Enters. Corp. v New York State Dept. of Taxation & Fin., 171 AD3d at 1380).
Although petitioner established that customers used scrip to provide entertainers with tips — and amounts given in tips may not be subject to sales tax — the Tribunal agreed with the ALJ's conclusions that petitioner "failed to meet [his] burden of proving the amount of tips based upon the scarcity of the records petitioner[] submitted into evidence, the unconvincing nature of such records, and in certain instances, the contradictory nature of the evidence." Having conducted our own review of the evidence submitted by petitioner, and giving deference to the Tribunal's credibility determinations, we agree that petitioner "failed to establish the amount of scrip sold that was attributable to [tips]. In the absence of such evidence, we will not disturb the Tribunal's determination that all scrip sales were presumptively taxable" (Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d at 966, citing Tax Law § 1132 [c] [1]; see Matter of Hwang v Tax Appeals Trib. of the State of N.Y., 105 AD3d 1151, 1152 [2013]).
Upon review, the Tribunal may remand a case for additional proceedings before the ALJ (see Tax Law § 2006 [7]; 20 NYCRR 3000.17 [e] [2]; see generally Matter of Upstate Farms Coop. v Tax Appeals Trib. of State of N.Y., 290 AD2d 896, 901 [2002]). During the hearing, although petitioner noted that the club maintained records for each day of operation that would support the record evidence and testimony of its employees, that testimony and the submitted documents addressed the use of scrip for tips on only a few selected dates from the multi-year period at issue. At the close of the hearing, the ALJ advised the parties that the record would be closed unless a party identified a specific document that would be produced. After further discussion, the ALJ stated that the record did not include a "complete substantiation" as petitioner failed to establish the total amount of scrip that was used for tips during the audit period. Despite these warnings, petitioner withdrew his request to leave the record open. Accordingly, the Tribunal rationally concluded that remand to the ALJ for further proof of the amount of scrip used for tips was [*4]not warranted (see Matter of Reeves v Tax Appeals Trib. of State of N.Y., 34 AD3d 1024, 1025-1026 [2006]; compare Matter of New Cingular Wireless PCS, LLC v Tax Appeals Trib. of the State of N.Y., 153 AD3d 976, 979-980 [2017]; Matter of Upstate Farms Coop. v Tax Appeals Trib. of State of N.Y., 290 AD2d at 901).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: For example, the six-month expiration associated with the use of the club's scrip would be prohibited by federal law if it was, in fact, legally equivalent to a gift card (see 15 USC § 1693l-1 [b] [1]).